■ MICHAEL BELCASTRO et al., Appellants-Respondents, v HEWLETT-WOODMERE UNION FREE SCHOOL DISTRICT NUMBER 14 et al., Respondents, and PREMIER-NEW YORK, INC., et al., Respondents-Appellants. (And a Third-Party Action.) [730 NYS2d 535] —In an action to recover damages for personal injuries, etc., (1) the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (McCaffrey, J.), dated March 2, 2000, as denied that branch of their motion which was for summary judgment on the issue of liability on their causes of action predicated upon Labor Law § 240 (1) and § 241 (6), granted that branch of the cross motion of the defendant Gemma Construction Co., Inc., which was for summary judgment dismissing the complaint insofar as asserted against it, and granted those branches of the separate cross motions of the defendants Hewlett-Woodmere Union Free School District Number 14, Premier-New York, Inc., and McConville Construction Corp. which were, in effect, for summary judgment dismissing the cause of action predicated upon Labor Law § 240 (1) insofar as asserted against them, (2) McConville Construction Corp. cross-appeals, as limited by its brief, from so much of the same order as denied those branches of its cross motion which were for summary judgment dismissing the causes of action predicated upon common-

law negligence and Labor Law §§ 200 and 241 (6) and all cross claims insofar as asserted against it, granted that branch of the cross motion of the defendant Premier-New York, Inc., which was for summary judgment on its cross claim for breach of contract against McConville Construction Corp. based on its failure to name Premier-New York, Inc., as an additional insured, and conditionally granted that branch of the cross motion of the defendant Hewlett-Woodmere Union Free School District Number 14 which was for summary judgment on its cross claim for common-law indemnification insofar as asserted against McConville Construction Corp., and (3) the defendant Premier-New York, Inc., separately cross-appeals, as limited by its brief, from so much of the same order as denied that branch of its cross motion which was for summary judgment on its cross claims for common-law and contractual indemnification against the defendant McConville Construction Corp.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof granting that branch of the cross motion of the defendant Premier-New York, Inc., which was for summary judgment on its cross claim for breach of contract against the defendant McConville Construction Corp. based on its failure to name Premier-New York, Inc., as an additional insured, and substituting therefor a provision denying that branch of the cross motion, and (2) deleting the provision thereof conditionally granting that branch of the cross motion of the defendant Hewlett-Woodmere Union Free School District Number 14 which was for summary judgment on its cross claim for common-law indemnification insofar as asserted against the defendant McConville Construction Corp., and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff Michael Belcastro was employed as a welder by Babylon Iron Works, Inc., a subcontractor on a construction and renovation project at a library owned by the defendant Hewlett-Woodmere Union Free School District Number 14 (hereinafter Hewlett UFSD). While working at the ground level, he was struck on the head by a piece of wood which allegedly fell or was thrown from the roof. The defendant Premier-New York, Inc. (hereinafter Premier), contracted with Hewlett UFSD to perform roofing work. Premier then subcontracted the roofing work, with the exception of certain metal work, to the defendant McConville Construction Corp. (hereinafter McConville).

The Supreme Court properly granted those branches of the

separate cross motions of Hewlett UFSD, Premier, and McConville which were, in effect, for summary judgment dismissing the cause of action predicated upon Labor Law § 240 (1) insofar as asserted against them. The plaintiffs were required to establish that "the object fell, while being hoisted or secured, because of the absence or inadequacy of a safety device of the kind enumerated in the statute" (*Narducci v Manhasset Bay Assocs.*, 96 NY2d 259, 268). The evidence in the record established that the piece of wood at issue was not "a material being hoisted or a load that required securing for the purposes of the undertaking at the time it fell" (*Narducci v Manhasset Bay Assocs., supra*, at 268). The plaintiffs failed to present evidence sufficient to raise a triable issue of fact as to the liability of Hewlett UFSD, Premier, and McConville on this cause of action.

The plaintiffs moved for summary judgment on their cause of action predicated upon Labor Law § 241 (6). We agree with the plaintiffs that the Industrial Code provision upon which they rely, 12 NYCRR 23-1.7 (a) (1), is applicable here. However, while the violation of an Industrial Code provision "constitute[s] some evidence of negligence," it is for a jury to determine "whether the equipment, operation or conduct at the worksite was reasonable and adequate under the particular circumstances" (*Rizzuto v Wenger Contr. Co.*, 91 NY2d 343, 351). The plaintiffs failed to establish their prima facie entitlement to judgment as a matter of law on their cause of action predicated upon Labor Law § 241 (6) insofar as asserted against McConville, or against Hewlett UFSD and Premier as the respective owner and contractor based upon a theory of vicarious liability (*see, Rizzuto v Wenger Contr. Co., supra*).

The plaintiffs' contention that they are entitled to summary judgment on the issue of liability on their cause of action predicated upon Labor Law § 200 insofar as asserted against McConville is raised for the first time on appeal in their reply brief, and we decline to address it (*see, Matter of American Cyanamid Co. [Lederle Labs] v Board of Assessors*, 243 AD2d 630).

The Supreme Court properly denied that branch of Premier's cross motion which was for summary judgment on its cross claims for common-law and contractual indemnification against McConville. In opposition to Premier's prima facie showing of entitlement to judgment as a matter of law, McConville raised a triable issue of fact as to the supervision and control each may have exercised over the work which caused the plaintiff's alleged injuries, as well as each other's negligence (*see, Steven-*

*son v Alfredo,* 277 AD2d 218; *Zeigler-Bonds v Structure Tone,* 245 AD2d 80; *Dawson v Pavarini Constr. Co.,* 228 AD2d 466).

However, the Supreme Court erred in granting summary judgment to Premier on its cross claim for breach of contract against McConville, which was based on McConville's failure to name it as an additional insured, as a triable issue of fact remains as to whether the injury arose out of McConville's activities. "A contractual provision which requires that a party be named as an additional insured in a liability policy has been interpreted to mean that the additional insured is insured for all liability arising out of the activities covered by the agreement" (*Ceron v Rector, Church Wardens & Vestry Members of Trinity Church,* 224 AD2d 475, 476).

Hewlett UFSD, as the owner which may be held vicariously liable, may be entitled to common-law indemnification from an actively-negligent subcontractor provided that it did not direct, control, or supervise the subcontractor's work (*see, Kelly v Diesel Constr. Div.,* 35 NY2d 1; *Dawson v Pavarini Constr. Co., supra*). However, as the evidence failed to establish as a matter of law that McConville was negligent, the Supreme Court erred in conditionally granting that branch of Hewlett UFSD's cross motion which was for summary judgment on its cross claim for common-law indemnification insofar as asserted against McConville.

Finally, we agree with the Supreme Court that there was no evidence that the defendant contractor Gemma Construction Co., Inc. (hereinafter Gemma), was liable to the plaintiffs. In contrast to Premier, Gemma was involved solely with interior work on the library, and there was no evidence that it had any control over the work on the roof. Accordingly, that branch of Gemma's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it was properly granted (*see, Russin v Picciano & Son,* 54 NY2d 311; *Williams v Dover Home Improvement,* 276 AD2d 626; *Kulaszewski v Clinton Disposal Serv.,* 272 AD2d 855; *D'Amico v New York Racing Assn.,* 203 AD2d 509).

The parties' remaining contentions are without merit. O'Brien, J. P., Friedmann, Feuerstein and Cozier, JJ., concur.