■ Mazie P. Sewell, Respondent, v City of New York Transit Authority, Appellant. [783 NYS2d 626]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Knipel, J.), dated April 3, 2003, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff slipped and fell on an allegedly damp ramp at the Stillwell Avenue train station in Brooklyn, which was owned and maintained by the defendant City of New York Transit Authority (hereinafter the NYCTA). She commenced this action, contending that the NYCTA's negligent cleaning practices created the condition. The NYCTA moved for summary judgment dismissing the complaint, and the Supreme Court denied the motion. We reverse.

On its motion for summary judgment, the NYCTA presented evidence demonstrating prima facie that it had no actual or constructive notice of and did not create the allegedly dangerous condition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]; Zuckerman v City of New York, 49 NY2d 557 [1980]). The NYCTA established that there was an absence of proof that it was negligent in cleaning or washing the ramp, and the mere fact that the floor was damp or slippery does not support a cause of action to recover damages for negligence, nor does it raise an inference of negligence (see Miles v Staten Theatre Group, 302 AD2d 373 [2003]; Guarino v La Shellda Maintenance Corp., 252 AD2d 514 [1998]).

In opposition, the plaintiff engaged in mere speculation and failed to submit evidence sufficient to raise a triable issue of fact as to the NYCTA's creation of the condition which allegedly caused the accident (see Sanchez-Acevedo v Mariott Health Care Serv., 270 AD2d 244 [2000]; Dwoskin v Burger King Corp., 249 AD2d 358, 359 [1998]; Kaplan v Waldbaum's, Inc., 231 AD2d 680 [1996]). Accordingly, the NYCTA's motion for summary judgment should have been granted. Ritter, J.P., Crane, Cozier and Skelos, JJ., concur.