■ CHARLES LODATO, Respondent, v GREYHAWK NORTH AMERICA, LLC, Appellant, et al., Defendant. [834 NYS2d 242]—

In an action to recover damages for personal injuries, the defendant Greyhawk North America, LLC, appeals, as limited by its brief and its letter to this Court dated January 25, 2005, from so much of an order of the Supreme Court, Kings County (Ambrosio, J.), dated November 17, 2003, as granted that branch

of the plaintiff's motion which was for summary judgment on the issue of its liability pursuant to Labor Law § 240 (1) and § 241 (6), and denied that branch of its cross motion which was for summary judgment dismissing the plaintiff's claims pursuant to Labor Law § 240 (1) and § 241 (6) insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly was injured while installing a drop ceiling as part of a school renovation project when he came into contact with live electrical wires and received a shock, causing him to fall from a scaffold. The plaintiff was employed by Magara Construction, Inc., which had been hired to do the ceiling work at the school by Nagan Construction, Inc., which, in turn, had been hired by the owner of the premises, the Valley Stream Central High School District (hereinafter the school district).

The defendant Greyhawk North America, LLC (hereinafter Greyhawk), entered into a contract with the school district to serve as its construction manager for the renovation project. There was no general contractor on the job. The contract between Greyhawk and the school district contained the following provisions: "2.6.2 The Construction Manager shall monitor performance of the Work by each of the Contractors and shall coordinate and schedule the Work of all Contractors on the Project to ensure that such Contractors complete their respective portions of the Work on a timely basis and in accordance with all requirements of their respective Contracts, and so as to minimize the Owner's exposure to defects and omissions in the Work . . . 2.6.14 Construction Manager shall demand compliance by the Contractors with all applicable Federal, state and local statutes, rules, regulations and codes regarding safety, and shall regularly, fully and completely advise the Owner of its activities in this regard . . . Whenever the Construction Manager becomes aware of any unsafe practice or condition at the work site which would constitute a hazard to school children or other users of facilities or properties in proximity to the work site, the Construction Manager shall immediately direct the Contractors to cease work which constitutes such unsafe practice or hazardous condition."

The plaintiff commenced this personal injury action against Greyhawk and the contractor responsible for the electrical wiring at the work site, alleging, inter alia, that his injuries were proximately caused by the defendants' violations of Labor Law § 240 (1) and § 241 (6). Greyhawk contested its status as an

entity subject to liability under those statutes, but did not dispute the allegation that statutory violations had occurred. The Supreme Court granted that branch of the plaintiff's motion which was for summary judgment on the issue of Greyhawk's liability pursuant to Labor Law § 240 (1) and § 241 (6), and denied that branch of Greyhawk's cross motion which was for summary judgment dismissing the plaintiff's claims alleging violations of Labor Law § 240 (1) and § 241 (6) insofar as asserted against it. Greyhawk appeals.

The Labor Law imposes upon "[a]ll contractors and owners and their agents" nondelegable duties to provide workers with proper safety devices and adequate protection (Labor Law § 240 [1]; § 241; see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 500, 502 [1993]). "When the work giving rise to these duties has been delegated to a third party, that third party then obtains the concomitant authority to supervise and control that work and becomes a statutory 'agent' of the owner or general contractor" (Russin v Louis N. Picciano & Son, 54 NY2d 311, 318 [1981]). While a construction manager is generally not considered a "contractor" or "owner" within the meaning of section 240 (1) or section 241 of the Labor Law (Walls v Turner Constr. Co., 4 NY3d 861, 863 [2005]), "[t]he label of construction manager versus general contractor is not necessarily determinative" (id. at 864). A construction manager "may be vicariously liable as an agent of the property owner for injuries sustained under the statute in an instance where the manager had the ability to control the activity which brought about the injury" (id. at 863-864; see Russin v Louis N. Picciano & Son, supra at 318).

In this case, Greyhawk's contract with the school district bestowed upon it the requisite supervisory control and authority. Greyhawk's "broad responsibility was both that of coordinator and overall supervisor for all the work being performed on the job site" (Walls v Turner Constr. Co., supra at 864; see Kenny v Fuller Co., 87 AD2d 183, 190 [1982]). With respect to safety concerns in particular, Greyhawk assumed the school district's authority, and responsibility, to "demand compliance" with applicable safety requirements and to stop the work upon detecting any unsafe practice or condition.

Thus, the plaintiff made a prima facie showing that Greyhawk was a statutory agent of the school district for purposes of Labor Law § 240 (1) and § 241 (6) (see Walls v Turner Constr. Co., supra at 864). In response, Greyhawk failed to raise a triable issue of fact. Accordingly, the plaintiff was properly awarded summary judgment on the issue of Greyhawk's liability under sec-

tion 240 (1) and section 241 (6) (*see Walls v Turner Constr. Co., supra*). Prudenti, P.J., Fisher, Carni and McCarthy, JJ., concur.