■ Mario O. Pino, Respondent, v Irvington Union Free School District et al., Defendants, and JMOA Engineering, P.C., Appellant. (And Two Third-Party Actions.) [843 NYS2d 133]—

In an action to recover damages for personal injuries, the defendant JMOA Engineering, P.C., appeals from an order of the Supreme Court, Westchester County (Smith, J.), dated March 21, 2006, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when he fell from a scaffold while working on a school renovation project on property owned by the defendant Irvington Union Free School District (hereinafter the school district). The plaintiff's employer, Freitra Construction, had been hired by a masonry and carpentry subcontractor which, in turn, had been hired by the defendant Glenman Construction Management (hereinafter Glenman), the general contractor for the renovation project.

The defendant JMOA Engineering, P.C. (hereinafter JMOA), had been hired by the school district to serve as the construction manager for the project. The contract between JMOA and the school district provided that JMOA "shall monitor performance of the Work by each of the Trade Contractors and shall coordinate and schedule the Work of all Trade Contractors on the Project to ensure that such Trade Contractors complete their respective portions of the Work on a timely basis and in

accordance with all requirements of their respective Contracts." The contract further provided that JMOA "shall demand compliance by the Trade Contractors with all applicable Federal, state and local statutes, rules, regulations and codes regarding safety, and shall regularly, fully and completely advise the Owner of its activities in this regard. . . . Whenever the Construction Manager becomes aware of any unsafe practice or condition at the work site which would constitute a hazard to school children or other users of facilities or properties in proximity to the work site, the Construction Manager shall immediately direct the Trade Contractors to cease work which constitutes such unsafe practice or hazardous condition."

The plaintiff commenced this action against the school district, Glenman, and JMOA, alleging common-law negligence and violations of Labor Law §§ 200, 240 (1), and § 241 (6). JMOA moved for summary judgment dismissing the complaint insofar as asserted against it, arguing that, as construction manager, it had no authority to supervise or control the plaintiff's work, and therefore could not be held liable for the plaintiff's injuries under the Labor Law. The Supreme Court denied JMOA's motion. We affirm.

Although a construction manager is generally not considered a "contractor" or "owner" within the meaning of Labor Law § 240 (1) or § 241, it may nonetheless become responsible for the safety of the workers at a construction site if it has been delegated the authority and duties of a general contractor, or if it functions as an agent of the owner of the premises (*see Walls v Turner Constr. Co.*, 4 NY3d 861, 863-864 [2005]; *Russin v Louis N. Picciano & Son*, 54 NY2d 311, 318 [1981]; *Lodato v Greyhawk N. Am., LLC*, 39 AD3d 491, 493 [2007]; *Kenny v Fuller Co.*, 87 AD2d 183, 190 [1982]). Thus, a construction manager may be held liable for a worker's injuries under the Labor Law if it "had the ability to control the activity which brought about the injury" (*Walls v Turner Constr. Co.*, 4 NY3d at 863-864; *see Russin v Louis N. Picciano & Son*, 54 NY2d at 318; *Lodato v Greyhawk N. Am., LLC*, 39 AD3d at 493).

In this case, JMOA failed to make a prima facie showing of its entitlement to judgment as a matter of law. Pursuant to its contract with the school district, JMOA "assumed the school district's authority, and responsibility, to 'demand compliance' with applicable safety requirements and to stop the work upon detecting any unsafe practice or condition" (*Lodato v Greyhawk N. Am., LLC*, 39 AD3d at 493). Moreover, the evidence submitted in support of JMOA's motion demonstrated that it had a project executive and a project manager present at the work site

every day. JMOA contends that the facts of this case differ from those of *Walls v Turner Constr. Co.* (4 NY3d 861 [2005]), in that a general contractor, with its own responsibility to maintain workplace safety, was present at the work site in this case. Glenman's presence and responsibilities, however, did not negate the school district's independent duties under the Labor Law, or prevent JMOA from assuming those duties and thus becoming "vicariously liable as an agent of the property owner" (*Walls v Turner Constr. Co.*, 4 NY3d at 863; *see Lodato v Greyhawk N. Am., LLC*, 39 AD3d at 493).

Thus, JMOA failed to show that it lacked the requisite authority to supervise and control the plaintiff's work, and the Supreme Court properly denied its motion for summary judgment dismissing the complaint insofar as asserted against it. Prudenti, P.J., Santucci, Fisher and Angiolillo, JJ., concur.