■ STEVEN AMERSON et al., Appellants, v MELITO CONSTRUCTION CORP. et al., Respondents. [845 NYS2d 457]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (Baisley, J.), dated August 21, 2006, as, upon an order of the same court dated June 29, 2006, inter alia, granting that branch of the defendants' cross motion which was for summary judgment dismissing so much of the second cause of action as alleged a violation of Labor Law § 241 (6), is in favor of the defendants and against them dismissing so much of that cause of action.

Ordered that the judgment is reversed insofar as appealed

from, on the law, with costs, that branch of the defendants' cross motion which was for summary judgment dismissing so much of the second cause of action as alleged a violation of Labor Law § 241 (6) is denied, so much of the second cause of action as alleged a violation of Labor Law § 241 (6) is reinstated, and the order dated June 29, 2006, is modified accordingly.

At the time of his accident, the injured plaintiff (hereinafter the plaintiff) was employed by a masonry subcontractor in connection with the construction of a concrete block wall for a new supermarket. The wall was being constructed by masons who worked while standing on scaffolding erected on the exterior side of the wall. The plaintiff testified that his regular duties included walking around to the interior side of the wall and scraping and removing the mortar which fell to the loading dock floor of the new supermarket as a result of the construction of the concrete block wall some 12 to 20 feet above him. The plaintiff wore a hard hat and was equipped with, inter alia, a chipping hammer, a scraper, a shovel, and a wheelbarrow in order to perform this work. On the day of his accident, the plaintiff allegedly was looking down and scraping the loading dock floor when he was struck in the head by a concrete block, or a portion thereof, which fell from the top of the wall where the masons were working.

In seeking recovery pursuant to Labor Law § 241 (6), the plaintiffs relied upon 12 NYCRR 23-1.7 (a) (1), a provision of the Industrial Code which requires the use of appropriate safety devices to protect workers from overhead hazards. Under the circumstances, the Supreme Court should not have granted that branch the defendants' motion which was for summary judgment dismissing so much of the second cause of action as alleged a violation of Labor Law § 241 (6).

Contrary to the defendants' contention, the area where the plaintiff was required to work was one which was "normally exposed to falling material or objects" (12 NYCRR 23-1.7 [a] [1]) and therefore came within the ambit of the regulation. Accordingly, it is for a jury to decide whether the falling of a concrete block or a portion thereof was foreseeable and "whether the equipment, operation or conduct at the worksite was reasonable and adequate under the particular circumstances" (*Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 351 [1998]; *see Zervos v City of New York*, 8 AD3d 477 [2004]; *Belcastro v Hewlett-Woodmere Union Free School Dist. No. 14*, 286 AD2d 744 [2001]; *Terry v Mutual Life Ins. Co. of N.Y.*, 265 AD2d 929 [1999]; *Murtha v Integral Constr. Corp.*, 253 AD2d 637 [1998]). Goldstein, J.P., Skelos, Dillon and Covello, JJ., concur.