■ MYKAYLO TOMYUK, Respondent, v JUNEFIELD ASSOC. et al., Appellants, et al., Defendant. [868 NYS2d 731]—

The plaintiff allegedly was injured when he fell from a wooden scaffold while working on the construction of a single-family home. The plaintiff's employer V & J Construction had been hired by the defendant Home Improvement Management, Inc. (hereinafter Home Improvement), to install the roofing material. Home Improvement, as the prime contractor for the exterior of the house, had also hired the defendant John Klocek, doing business as Granja, Inc., and D & T Carpentry Corp. (hereinafter together Klocek) to frame the house. The defendant Junefield Assoc. (hereinafter Junefield) had been hired by the owner of the property to serve as the construction manager of the project.

The plaintiff commenced this action against the owner,

Junefield, Home Improvement, and Klocek, alleging causes of action sounding in common-law negligence, violation of Labor Law §§ 200, 240 (1) and § 241 (6), and strict products liability. Junefield, Home Improvement, and Klocek each moved for summary judgment dismissing the complaint insofar as asserted against each of them, and the plaintiff cross-moved for summary judgment on the issue of liability on its Labor Law § 240 (1) causes of action insofar as asserted against Junefield and Home Improvement. In a prior order, the Supreme Court granted the owner's motion for summary judgment dismissing the complaint insofar as asserted against it based upon the homeowner's exemption, and none of the parties appealed from that order. In the order appealed from, the Supreme Court granted those branches of the separate motions of Junefield and Home Improvement which were for summary judgment dismissing the strict products liability cause of action insofar as asserted against each of them, denied those branches of their separate motions which were for summary judgment dismissing the common-law negligence and Labor Law §§ 200, 240 (1) and § 241 (6) causes of action insofar as asserted against each of them, and granted the plaintiff's cross motion for summary judgment on the issue of liability on its Labor Law § 240 (1) cause of action insofar as asserted against those defendants. The Supreme Court denied Klocek's motion for summary judgment in its entirety.

Contrary to Junefield's contention, the Supreme Court properly found that it was liable for the plaintiff's injuries under Labor Law § 240 (1). Although a construction manager is generally not responsible for injuries under Labor Law § 240 (1), it may be held vicariously liable as an agent of the property owner if it had the ability to control the activity which brought about the injury (see Walls v Turner Constr. Co., 4 NY3d 861, 863-864 [2005]; Pino v Irvington Union Free School Dist., 43 AD3d 1130, 1131 [2007]). Here, Junefield had the ability to control that activity since, pursuant to its contract with the owner, it was responsible for assuring the satisfactory performance of the trade contractors, there was no general contractor, and it assigned one of its employees as a project manager to work at the job site every day (see Lodato v Greyhawk N. Am., LLC, 39 AD3d 491 [2007]).

Additionally, Home Improvement, as the prime contractor for the exterior of the house, is liable under Labor Law § 240 (1) as a statutory agent of the owner, since it had the authority to supervise and control the particular work in which the plaintiff was engaged at the time of his injury (see Russin v Louis N. Pic-

*ciano & Son,* 54 NY2d 311, 318 [1981]; *Coque v Wildflower Estates Devs., Inc.,* 31 AD3d 484, 488 [2006]; *Kwoksze Wong v New York Times Co.,* 297 AD2d 544 [2002]). Once Home Improvement became an agent of the owner, it could not escape liability by delegating its work to another entity (*see Nasuro v PI Assoc., LLC,* 49 AD3d 829 [2008]; *McGlynn v Brooklyn Hosp.-Caledonian Hosp.,* 209 AD2d 486 [1994]).

Further, because Junefield and Home Improvement were delegated the authority to supervise and control the work at the site, they are liable for violations of Labor Law § 241 (6) (*see Russin v Louis N. Picciano & Son,* 54 NY2d at 318; *Damiani v Federated Dept. Stores, Inc.,* 23 AD3d 329 [2005]; *Aranda v Park E. Constr.,* 4 AD3d 315 [2004]). The Industrial Code provisions that the plaintiff alleged were violated, 12 NYCRR 23-1.7 and 23-5.1, contain specific directives that are sufficient to sustain a cause of action under Labor Law § 241 (6) (*see Linkowski v City of New York,* 33 AD3d 971 [2006]; *Zervos v City of New York,* 8 AD3d 477 [2004]). Accordingly, the Supreme Court properly denied those branches of the separate motions of Junefield and Home Improvement which were for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as asserted against each of them.

With respect to the common-law negligence and Labor Law § 200 causes of action, neither Junefield nor Home Improvement was entitled to summary judgment since the accident arose from the means and methods of the work and there are issues of fact as to whether they had authority to supervise or control the work (*see Ortega v Puccia,* 57 AD3d 54 [2008]).

The Supreme Court erred, however, in denying Klocek's motion for summary judgment dismissing the complaint insofar as asserted against him. A subcontractor may not be held liable under Labor Law § 200, and may not be held liable, as an agent of the owner or general contractor, under Labor Law § 240 (1) or § 241 (6), where it does not have authority to supervise or control the work that caused the plaintiff's injury (*see Torres v LPE Land Dev. & Constr., Inc.,* 54 AD3d 668, 669 [2008]). Here, it is undisputed that Klocek had no authority to supervise or control plaintiff's work since the framing was completed at least four months before the plaintiff began the roofing job on which he was injured, and Klocek was no longer at the site.

Even though Klocek did not have authority to supervise or control the plaintiff's work, he could still be liable under a common-law theory of negligence for improper installation of the scaffold (*see Kelarakos v Massapequa Water Dist.,* 38 AD3d 717 [2007]; *Urbina v 26 Ct. St. Assoc., LLC,* 12 AD3d 225 [2004];

*Keohane v Littlepark House Corp.*, 290 AD2d 382 [2002]). In support of his motion for summary judgment, Klocek submitted evidence that he could not have constructed the scaffold from which the plaintiff fell since all of the work for which he was responsible was undertaken from the interior of the house, he thus did not employ the exterior wooden scaffolding from which the plaintiff fell, and he used only metal scaffolding to set the ridge beam on the third floor. The plaintiff's claim that Klocek constructed the wooden scaffold from which he fell was unsubstantiated, speculative, and insufficient to defeat Klocek's summary judgment motion (*see Friedenreich v Roosevelt Field Mall Mgt.*, 18 AD3d 808 [2005]; *Sewell v City of N.Y. Tr. Auth.*, 11 AD3d 600 [2004]).

Finally, the Supreme Court should have granted the unopposed branch of Klocek's motion which was for summary judgment dismissing the strict products liability cause of action insofar as asserted against him. Ritter, J.P., Florio, Miller and Dillon, JJ., concur.