■ GILBERT GONZALEZ, Appellant, v TJM CONSTRUCTION CORP. et al., Respondents, et al., Defendant. (And a Third-Party Action.) [928 NYS2d 344]—

The plaintiff was a mason employed by subcontractor Construction Services U.S.A., Inc. (hereinafter Construction), on a project to renovate a building owned by the City of New York that had previously been used as a church, so that it could be used as a performing arts center. PMS Construction Management Corp. (hereinafter PMS) was the construction manager on the project and TJM Construction Corp. (hereinafter TJM) was the general contractor. Construction was hired by TJM to restore and reinforce the façade of the building, which included the removal and replacement of loose bricks from the building's façade. The plaintiff was inside the building on the ground floor next to a window that had been removed, talking to his foreman, when, according to the plaintiff, a brick fell from "out of nowhere" and struck him, causing injuries.

The Supreme Court properly denied that branch of the

plaintiff's motion which was for summary judgment on the issue of liability against TJM and PMS on the Labor Law § 240 (1) cause of action. The plaintiff failed to eliminate all questions of fact as to whether the brick that struck him was an object that required securing for the purposes of the undertaking being performed (*see Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268 [2001]; *Marin v AP-Amsterdam 1661 Park LLC*, 60 AD3d 824, 825-826 [2009]; *cf. Outar v City of New York*, 5 NY3d 731, 732 [2005]; *Portillo v Roby Anne Dev., LLC*, 32 AD3d 421, 421-422 [2006]).

The Supreme Court also should have denied those branches of PMS's cross motion which were for summary judgment dismissing the Labor Law § 240 (1) cause of action and so much of the Labor Law § 241 (6) cause of action as was predicated on an alleged violation of 12 NYCRR 23-1.7 (a) (1) insofar as asserted against it. PMS failed to establish the absence of triable issues of fact regarding whether it had sufficient authority to supervise and control the plaintiff's work such that it could be liable pursuant to Labor Law § 240 (1) and § 241 (6) as a statutory agent of the owner or general contractor (*see Walls v Turner Constr. Co.*, 4 NY3d 861, 863-864 [2005]; *Russin v Louis N. Picciano & Son*, 54 NY2d 311, 318 [1981]; *Tomyuk v Junefield Assoc.*, 57 AD3d 518, 520 [2008]). PMS also failed to establish the absence of issues of fact regarding its contention that the area in which the plaintiff was standing when he was struck was not "normally exposed to falling material or objects," rendering 12 NYCRR 23-1.7 (a) (1) inapplicable (*Amerson v Melito Constr. Corp.*, 45 AD3d 708, 709 [2007] [internal quotation marks omitted]; *see Zervos v City of New York*, 8 AD3d 477, 479-480 [2004]; *Belcastro v Hewlett-Woodmere Union Free School Dist. No. 14*, 286 AD2d 744, 745-746 [2001]). Finally, PMS failed to eliminate all triable issues of fact regarding its contention that the brick that struck the plaintiff was not an object that required securing for the purposes of the undertaking pursuant to Labor Law § 240 (1) (*see Outar v City of New York*, 5 NY3d at 732; *Portillo v Roby Anne Dev., LLC.*, 32 AD3d at 421-422; *Bornschein v Shuman*, 7 AD3d 476, 478 [2004]; *cf. Narducci v Manhasset Bay Assoc.*, 96 NY2d at 268).

We decline PMS's request to search the record and award it summary judgment on its cross claim against TJM for contractual indemnification. Skelos, J.P., Eng, Belen and Lott, JJ., concur.

----

Motion by the respondent TJM Construction Corp. on an appeal from an order of the Supreme Court, Kings County, dated

December 17, 2009, inter alia, to strike the entire or stated portions of the brief of the respondent PMS Construction Management Corp. By decision and order on motion dated September 3, 2010, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and the argument of the appeal, it is

Ordered that the motion is denied. Skelos, J.P., Eng, Belen and Lott, JJ., concur.