◼ Adam Marian Ginter, Respondent, v Flushing Terrace, LLC, et al., Defendants/Third-Party Plaintiffs/Third Third-Party

Plaintiffs-Appellants, and M & V CONCRETE CONTRACTING CORP., Defendant/Second Third-Party Plaintiff-Respondent, et al., Defendant. S & J INDUSTRIAL CORP., Third-Party Defendant-Respondent; TEDDY BOSKO BUILDERS, LLC, Second Third-Party Defendant/Third Third-Party Defendant-Respondent. [995 NYS2d 94]—

In an action to recover damages for personal injuries, the defendants/third-party plaintiffs/third third-party plaintiffs Flushing Terrace, LLC, and Criterion Development Group, LLC, appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Strauss, J.), dated March 22, 2012, as (a) denied those branches of their cross motion which were for summary judgment dismissing the Labor Law §§ 240 (1) and 241 (6) causes of action insofar as asserted against them, on their third-party causes of action against S & J Industrial Corp. for contractual indemnification and alleging breach of contract, on their cross claims for contractual and common-law indemnification and alleging breach of contract against M & V Concrete Contracting Corp., and on their third third-party cause of action against Teddy Bosko Builders, LLC, alleging breach of contract, (b) granted the motion of S & J Industrial Corp. for summary judgment dismissing the third-party complaint, and (c) granted the cross motion of M & V Concrete Contracting Corp. for summary judgment dismissing the complaint insofar as asserted against that defendant and the cross claims they asserted against that defendant.

Ordered that the appeal from so much of the order as granted that branch of the cross motion of M & V Concrete Contracting Corp. which was for summary judgment dismissing the complaint insofar as asserted against it is dismissed, as the appellants are not aggrieved by that portion of the order (see CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144 [2010]); and it is further,

Ordered that the order is modified, on the law, (1) by deleting the provisions thereof granting those branches of the motion of S & J Industrial Corp. which were for summary judgment dismissing the causes of action asserted against it in the third-party complaint for contractual indemnification and alleging breach of contract, and substituting therefor a provision denying those branches of its motion, (2) by deleting the provision thereof granting those branches of the cross motion of M & V Concrete Contracting Corp. which were for summary judgment

dismissing the cross claims asserted against it by the defendants/third-party plaintiffs/third third-party plaintiffs Flushing Terrace, LLC, and Criterion Development Group, LLC, for contractual and common-law indemnification, for contribution, and alleging breach of contract, and substituting therefor a provision denying those branches of that cross motion, and (3) by deleting the provision thereof denying that branch of the cross motion of Flushing Terrace, LLC, and Criterion Development Group, LLC, which was for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as asserted against them, to the extent that it was predicated on alleged violations of 12 NYCRR 23-2.1 (a) (1) and (b), and substituting therefor a provision granting that branch of that cross motion; as so modified, the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to Flushing Terrace, LLC, and Criterion Development Group, LLC, payable by the third-party defendant, S & J Industrial Corp., and the defendant/second third-party plaintiff, M & V Concrete Contracting Corp.

While working on a construction project, Janusz Ginter (hereinafter the decedent) allegedly sustained injuries when an object fell from one of the upper floors of a building under construction and struck him in the head, neck, and shoulder. At the time of the accident, he was walking in an alleyway on the ground level of the project to shut off a water connection, as directed by his on-site supervisor. The decedent commenced this action against, among others, the owner of the building, Flushing Terrace, LLC (hereinafter Flushing), the general contractor, Criterion Development Group, LLC (hereinafter Criterion), and the concrete subcontractor, M & V Concrete Contracting Corp. (hereinafter M & V) seeking to recover damages pursuant to, inter alia, Labor Law §§ 240 (1) and 241 (6). Flushing and Criterion (hereinafter together the Flushing defendants) asserted cross claims against M & V, commenced a third-party action against the decedent's employer, S & J Industrial Corp. (hereinafter S & J), and commenced a third third-party action against the masonry subcontractor, Teddy Bosko Builders, LLC (hereinafter Bosko), seeking, inter alia, contractual indemnification, common-law indemnification, and damages for breach of contract related to the failure to procure insurance. S & J moved for summary judgment dismissing the third-party complaint. The Flushing defendants cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, M & V separately cross-moved for summary judgment dismissing the complaint and all cross claims insofar as

asserted against it, and Bosko separately cross-moved, inter alia, for summary judgment dismissing the third third-party complaint. The decedent separately cross-moved for summary judgment on the issue of liability. In the order appealed from, the Supreme Court, among other things, granted S & J's motion, granted the cross motions of M & V and Teddy Bosko, denied the decedent's cross motion, and denied those branches of the Flushing defendants' cross motion which were for summary judgment dismissing the Labor Law §§ 240 (1) and 241 (6) causes of action insofar as asserted against them. Adam Marian Ginter has been substituted for the decedent as the plaintiff in the action, since the decedent died shortly after he filed his respondent's brief in this Court.

The Supreme Court properly denied those branches of the Flushing defendants' cross motion which were for summary judgment dismissing, insofar as asserted against them, the cause of action alleging a violation of Labor Law § 240 (1) and the cause of action based upon violations of Labor Law § 241 (6) to the extent it was predicated on alleged violations of 12 NYCRR 23-1.7 (a) (1) and 23-2.1 (a) (2). With respect to Labor Law § 240 (1), the Flushing defendants failed to eliminate all triable issues of fact as to whether the object that struck the decedent was an object that was "being hoisted or secured" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268 [2001]), or required securing for the purposes of the undertaking pursuant to Labor Law § 240 (1) (*see Outar v City of New York*, 5 NY3d 731 [2005]; *Gonzalez v TJM Constr. Corp.*, 87 AD3d 610 [2011]; *Portillo v Roby Anne Dev., LLC*, 32 AD3d 421 [2006]; *compare Pritchard v Tully Constr. Co., Inc.*, 82 AD3d 730, 730-731 [2011], *with Moncayo v Curtis Partition Corp.*, 106 AD3d 963, 964 [2013]). With respect to Labor Law § 241 (6), the Flushing defendants failed to establish, prima facie, that the alleyway where the accident occurred was not "normally exposed to falling material or objects," and that 12 NYCRR 23-1.7 (a) (1) was thus rendered inapplicable (*Gonzalez v TJM Constr. Corp.*, 87 AD3d 610, 611 [2011] [internal quotation marks omitted]; *see Amerson v Melito Constr. Corp.*, 45 AD3d 708 [2007]). Further, 12 NYCRR 23-2.1 (a) (2) provides, in relevant part, that "[m]aterial and equipment shall not be placed or stored so close to any edge of a floor, platform or scaffold as to endanger any person beneath such edge" (*see Mahoney v Madeira Assoc.*, 32 AD3d 1303 [2006]). The Flushing defendants failed to eliminate all triable issues of fact regarding the alleged violation of 12 NYCRR 23-2.1 (a) (2).

However, the Supreme Court should have granted those branches of the Flushing defendants' cross motion which were

for summary judgment dismissing, insofar as asserted against them, the cause of action pursuant to Labor Law § 241 (6) to the extent that it was predicated on alleged violations of 12 NYCRR 23-2.1 (a) (1) and (b). The accident did not involve the obstruction of a "passageway, walkway, stairway or other thoroughfare" by a material pile and, therefore, 12 NYCRR 23-2.1 (a) (1) was not applicable (12 NYCRR 23-2.1 [a] [1]; *see Barrios v Boston Props. LLC*, 55 AD3d 339 [2008]; *Waitkus v Metropolitan Hous. Partners*, 50 AD3d 260 [2008]). Further, the general duty imposed by 12 NYCRR 23-2.1 (b) does not set forth a directive sufficiently specific to support a cause of action under Labor Law § 241 (6) (*see La Veglia v St. Francis Hosp.*, 78 AD3d 1123 [2010]; *Madir v 21-23 Maiden Lane Realty, LLC*, 9 AD3d 450, 452 [2004]; *Salinas v Barney Skanska Constr. Co.*, 2 AD3d 619, 622 [2003]).

Further, the Supreme Court erred in granting those branches of S & J's motion and M & V's cross motion which were for summary judgment dismissing the respective breach of contract causes of action asserted against them by the Flushing defendants, which were based on their alleged failure to procure insurance. S & J and M & V each failed to submit evidence demonstrating, prima facie, that they had complied with the insurance provision of the applicable subcontracts, which required them to procure insurance (*see Simon v Granite Bldg. 2, LLC*, 114 AD3d 749 [2014]; *Rodriguez v Savoy Boro Park Assoc. Ltd. Partnership*, 304 AD2d 738 [2003]). However, the court correctly denied those branches of the Flushing defendants' cross motion which were for summary judgment on the issue of liability on the breach of contract cause of action asserted against S & J and M & V. A party seeking summary judgment based on an alleged failure to procure insurance naming that party as an additional insured must demonstrate that a contract provision required that such insurance be procured and that the provision was not complied with (*see Rodriguez v Savoy Boro Park Assoc. Ltd. Partnership*, 304 AD2d 738 [2003]; *McGill v Polytechnic Univ.*, 235 AD2d 400 [1997]). The Flushing defendants failed to present evidence showing that either S & J or M & V failed to comply with the provision in their respective subcontracts requiring them to obtain insurance naming the Flushing defendants as additional insureds and, thus, failed to establish their entitlement to judgment as a matter of law in connection with this issue (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *cf. Rodriguez v Savoy Boro Park Assoc. Ltd. Partnership*, 304 AD2d 738 [2003]).

The Supreme Court erred in granting those branches of M & V's

cross motion which were for summary judgment dismissing the Flushing defendants' cross claims for contractual indemnification, common-law indemnification, and contribution insofar as asserted against it, as M & V's submissions revealed the existence of triable issues of fact as to M & V's alleged negligence in causing the accident (*see LaGuarina v Metropolitan Tr. Auth.*, 109 AD3d 793 [2013]; *Mathey v Metropolitan Transp. Auth.*, 95 AD3d 842 [2012]). Since the Flushing defendants' submissions revealed the existence of triable issues of fact as to their alleged negligence in causing the accident, the court properly denied those branches of their cross motion which were for summary judgment on their cross claims against M & V seeking contractual indemnification, common-law indemnification, and contribution.

Additionally, the Supreme Court erred in granting that branch of S & J's motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification asserted against it by the Flushing defendants. S & J's submissions revealed the existence of triable issues of fact as to whether S & J's negligence contributed to the accident, specifically whether, for purposes of determining liability for contractual indemnification, the decedent's failure to wear a hard hat can be imputed to S & J, his employer (*see Mercado v Caithness Long Is. LLC*, 104 AD3d 576, 577 [2013]).

We note that the decedent did not cross-appeal from those portions of the order that were adverse to him, and we decline the plaintiff's request to search the record and award him summary judgment on the issue of liability on the causes of action against the Flushing defendants alleging violations of Labor Law §§ 240 (1) and 241 (6).

The Flushing defendants' remaining contentions are without merit. Skelos, J.P., Dillon, Roman and Maltese, JJ., concur.