**Walsh v New York City Hous. Auth.**

2026 NY Slip Op 30848(U)

February 24, 2026

Supreme Court, New York County

Docket Number: Index No. 161667/2019

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| **PRESENT:** <u>HON. PAUL A. GOETZ</u> | **PART** 47 |
| *Justice* | |

----------------------------------------------------------------------------X

PATRICK WALSH,

                             Plaintiff,

                       - v -

NEW YORK CITY HOUSING AUTHORITY, AECOM USA, INC., DOBCO INC.,

                             Defendants.

----------------------------------------------------------------------------X

DOBCO INC.

                             Plaintiff,

                 -against-

SOIL SOLUTIONS, INC.

                             Defendant.

----------------------------------------------------------------------------X

NEW YORK CITY HOUSING AUTHORITY

                             Plaintiff,

                 -against-

SOIL SOLUTIONS, INC.

                             Defendant.

----------------------------------------------------------------------------X

**INDEX NO.** 161667/2019

**MOTION DATE** 01/24/2025, 01/27/2025, 01/27/2025

**MOTION SEQ. NO.** 002 003 004

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595601/2020

Second Third-Party
Index No. 595708/2020

The following e-filed documents, listed by NYSCEF document number (Motion 002) 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 211, 215, 218, 221, 224, 235, 236, 239, 247, 248, 249, 250, 251, 252, 253, 255, 256, 257, 258, 259, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 270, 271, 272, 273, 274, 275, 276, 277, 278, 279, 280, 281, 282, 283, 286, 289, 290, 291, 292, 293, 294, 295, 296, 297

were read on this motion to/for           <u>        JUDGMENT - SUMMARY        </u>.

The following e-filed documents, listed by NYSCEF document number (Motion 003) 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 212, 216, 219, 222, 225, 237, 244, 245, 246, 254, 284, 300, 301, 302, 303, 304

were read on this motion to/for           <u>        JUDGMENT - SUMMARY        </u>.

161667/2019   WALSH, PATRICK vs. NEW YORK CITY HOUSING                **Page 1 of 6**
Motion No. 002 003 004

1 of 6

[* 1]

The following e-filed documents, listed by NYSCEF document number (Motion 004) 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 213, 217, 220, 223, 226, 238, 240, 241, 242, 243, 285, 287, 298, 299

were read on this motion to/for          SUMMARY JUDGMENT (AFTER JOINDER)          .

In this Labor Law personal injury action, upon the foregoing documents, it is

ORDERED that defendant DOBCO Inc.'s (DOBCO, the general contractor) motion (MS #2) pursuant to CPLR § 3212 for summary judgment is:

(i)      Granted to the extent that it seeks dismissal of plaintiff's cause of action for common law negligence and violation of Labor Law § 200 as against it because plaintiff's accident—being struck by a water bottle that fell or was thrown out of an apartment window or the roof above plaintiff's worksite by an unknown nonparty—does not fall under either of the two categories to which Labor Law § 200 applies (*Cappabianca v Skanska USA Bldg. Inc.*, 99 AD3d 139, 143-44 [1st Dept 2012] ["Claims for personal injury under the statute [] fall into two broad categories: those arising from an alleged defect or dangerous condition existing on the premises and those arising from the manner in which the work was performed"]); and plaintiff fails to articulate any separate duty Dobco, as the general contractor, owed to plaintiff under common law negligence principles;

(ii)     Granted to the extent that it seeks dismissal of plaintiff's cause of action for violation of Labor Law § 240(1) as against it because here, plaintiff's injuries were caused by an "external force that is unrelated to the work being performed" (*Morera v New York City Tr. Auth.*, 182 AD3d 509, 510 [1st Dept 2020] [falling ceiling tile "was not a material that required hoisting or securing for purposes of plaintiff's undertaking"]; *Narducci v Manhasset Bay Assocs.*, 96 NY2d 259, 268 [2001] [Labor Law § 240[1] inapplicable because "the glass that fell on plaintiff was not a material being hoisted or a load that required securing for the purposes of the undertaking at the time it fell"; "[n]o one was working on the window[,] nor was there evidence that anyone worked on that window during the renovation"]; *Moncayo v Curtiz Partition Corp.*, 106 AD3d 936, 965 [2nd Dept 2013] [Labor Law § 240[1] inapplicable where a small piece of sheetrock fell from an open window and struck plaintiff while he was working three floors below]);

(iii)    Denied to the extent that it seeks dismissal of plaintiff's cause of action for violation of Labor Law § 241(6), predicated on 12 NYCRR § 23-1.7(a)(1)[1], as against it because Dobco "failed to establish the absence of issues of fact regarding its contention that the area in which the plaintiff was standing when he was struck was not 'normally exposed to falling material or objects,' rendering 12 NYCRR 23-1.7 (a)

---

[1] This section of the Industrial Code provides: "Every place where persons are required to work or pass that is normally exposed to falling material or objects shall be provided with suitable overhead protection[] consist[ing] of tightly laid sound planks[,] exterior grade plywood or other material of equivalent strength."

[* 2]

(1) inapplicable" (*Gonzalez v TJM Constr. Corp.*, 87 AD3d 610, 611 [2[nd] Dept 2011]; *Amerson v Melito Constr. Corp.*, 45 AD3d 708, 709 [2[nd] Dept 2007] [plaintiff struck by a piece of concrete block "which fell from the top of the wall where the masons were working" was in an area "normally exposed" to the falling objects]; NYSCEF Doc No 277 [NYCHA site safety procedure for objects thrown from its building's windows]; NYSCEF Doc Nos 278, 279 [incident reports of construction workers struck by objects thrown out of apartment windows on May 23, 2019 and July 9, 2019, one day before plaintiff's accident]; NYSCEF Doc No 289 [meeting minutes reflecting need for toolbox meetings regarding thrown objects]; NYSCEF Doc No 267, p. 27 [plaintiff testifying that water bottles and other garbage were thrown from above "the whole time [he] worked there"]);

(iv) Denied to the extent that it seeks dismissal of all crossclaims and counterclaims against it arising out of plaintiff's complaint because its supporting brief does not identify such claims (NYSCEF Doc No 147);

(v) Denied to the extent that it seeks summary judgment on its contractual indemnity claim as against Soil Solutions Inc. (Soil, a subcontractor and plaintiff's employer) because the contract provides that Soil shall indemnify Dobco against any claim "arising out of or in connection with or as a result or consequence of the performance of the Work of the Subcontractor" which was to provide drilling services (NYSCEF Doc No 160 § 4.6.1) and plaintiff's accident "did not arise from performing his work duties" as a mechanic (NYSCEF Doc No 152, pp. 7, 20 [plaintiff was responsible for "keep[ing] the equipment running"; he was walking to a water tank "to check the level of the water" when he was "struck in the head"]; *Sternkopf v 395 Hudson N.Y., LLC*, 227 AD3d 579, 581 [1[st] Dept 2024] [plaintiff slipped on a piece of discarded carpeting when walking in a hallway at a construction site]; *Basile v Legacy Yards Tenant LP*, 205 AD3d 531, 531 [1[st] Dept 2022] ["plaintiff's claim did not arise 'in connection with' [the work] so as to trigger the indemnity clause"]; *Pepe v Center for Jewish History, Inc.*, 59 AD3d 277, 278 [1[st] Dept 2009] ["The connection between plaintiff's accident and the [contractor's work] is too tenuous to trigger the indemnification clause"])[2];

(vi) Denied to the extent that it seeks summary judgment on its breach of contract claim as against Soil for failure to procure insurance because Soil has demonstrated that its insurance policy (NYSCEF Doc No 169) complies with the parties' contract (NYSCEF Doc No 160 § 13.1.1) and Soil notes that it has, in fact, "been defending Dobco in this litigation for over 2 ½ years" (NYSCEF Doc No 235 p. 8), and Dobco does not rebut this contention in its reply (NYSCEF Doc No 289) and therefore fails to allege how it has been damaged;

---

[2] The cases Dobco cites in reply are distinguishable because here, plaintiff was injured by a hazard wholly unrelated to the work he or any other contractor onsite was performing (compare, *O'Connor v Serge Elevator Co.*, 58 NY2d 655 [1982] [plaintiff injured by an elevator a subcontractor was hired to install]; *Mancusi v Avalonbay Communities, Inc.*, 199 AD 3d 463 [1[st] Dept 2021] [plaintiff slipped on a temporary ramp constructed for the worksite]; *Fuger v Amsterdam House for Continuing Care Retirement Community, Inc.*, 117 AD3d 649 [1[st] Dept 2014] [plaintiff fell due to wet or muddy condition of the ground while erecting a steel structure]).

**161667/2019 WALSH, PATRICK vs. NEW YORK CITY HOUSING** **Page 3 of 6**
**Motion No. 002 003 004**

3 of 6

[* 3]

And it is further

ORDERED that plaintiff's cross-motion (MS #2) pursuant to CPLR § 3212 for partial summary judgment on the issue of DOBCO's liability on plaintiff's causes of action is denied, as to plaintiff's common law negligence and Labor Law §§ 200 and 240(1) causes of action for the reasons stated *supra*; and denied as to plaintiff's Labor Law § 241(6) cause of action because while plaintiff provided evidentiary support for his contention that he "was required to work [in an area] which was 'normally exposed to falling material or objects' (12 NYCRR 23-1.7 [a] [1]) and therefore came within the ambit of the regulation[,] it is for a jury to decide . . . 'whether the equipment, operation or conduct at the worksite was reasonable and adequate under the particular circumstances'" (*Amerson v Melito Constr. Corp.*, 45 AD3d 708, 709 [2nd Dept 2007], quoting *Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 351 [1998]; NYSCEF Doc No 152, pp. 21-22 [plaintiff was provided with a hard hat, which he was wearing at the time he was struck]); and it is further

ORDERED that defendant New York City Housing Authority's (NYCHA, the property owner) motion (MS #3) pursuant to CPLR § 3212 for summary judgment is:

(i)     Granted to the extent that it seeks to dismiss plaintiff's Labor Law §§ 200 and 240(1) causes of action for the reasons stated *supra*;

(ii)    Granted to the extent that it seeks to dismiss plaintiff's common law negligence cause of action against it because even though NYCHA, as the property owner, has a common law "duty to exercise reasonable care under the circumstances to prevent injury to those present on the property" (*Spillane v Hofstra Univ.*, 219 AD3d 774, 775 [2nd Dept 2023] [quotation marks and citation omitted]), it "is not legally responsible for the conduct of [its] tenant[s] merely because it is foreseeable that the tenant[s] might act negligently" (*Strunk v Zoltanski*, 96 AD2d 1074, 1076 [2nd Dept 1983]) "and imposition of a duty to [] protect under such circumstances is neither fair nor practical" because litter from the apartments or rooftop "can land on virtually any square foot of property surrounding the" building (*Haymon v Pettit*, 9 NY3d 324, 329-30 [2007] ["The possibilities for injury--and consequently, for liability--are limitless, and the expectation that the [property owner] control the conduct of third

161667/2019   WALSH, PATRICK vs. NEW YORK CITY HOUSING
Motion No.  002 003 004

Page 4 of 6

persons is unrealistic"]; *Pulka v Edelman*, 40 NY2d 781 [1976] [parking garage operator could not be held liable for an injury to a pedestrian struck by a car driven by a patron of the garage, even where it had notice that patrons often drove through the exit without stopping]; NYSCEF Doc No 284, p. 13 [plaintiff asserting defendants should have "provide[d] netting [all the way around] the buildings on the work-site, and/or erect a side walk shed over the [entire] work area"]); and

(iii)    Denied to the extent that it seeks to dismiss plaintiff's Labor Law § 241(6) cause of action for the reasons stated *supra*;

(iv)    Denied on its contractual indemnification causes of action as against AECOM USA Inc. (AECOM), Dobco, and Soil because, as explained *supra*, plaintiff's accident did not arise from the work or services performed at the premises so as to trigger the indemnity provisions (NYSCEF Doc No 160 § 4.6.1; NYSCEF Doc No 304 § K);

And it is further

ORDERED that plaintiff's cross-motion (MS #3) pursuant to CPLR § 3212 for partial

summary judgment on the issue of NYCHA's liability on plaintiff's causes of action is denied

for the reasons stated *supra*; and it is further

ORDERED that defendant AECOM USA Inc.'s (AECOM, the construction manager)

motion (MS #4) pursuant to CPLR § 3212 for summary judgment is:

(i)    Granted to the extent that it seeks to dismiss plaintiff's common law negligence and Labor Law §§ 200 and 240(1) causes of action for the reasons stated *supra*; and

(ii)    Granted to the extent that it seeks to dismiss plaintiff's Labor Law § 241(6) cause of action because "a construction manager is generally not considered a contractor responsible for the safety of the workers at a construction site pursuant to" this statute unless "it has been delegated the authority and duties of a general contractor, or if it functions as an agent of the owner of the premises" and plaintiff failed to rebut AECOM's showing "that it lacked the authority to control or supervise the plaintiff's work" (*Giannis v 100 3rd Ave. Corp.*, 166 AD3d 853, 855-56 [2nd Dept 2018] [quotation marks and citations omitted])[3];

(iii)    Granted to the extent that it seeks to dismiss all crossclaims as against it based on the foregoing (NYSCEF Doc No 209, pp. 16-18 [since AECOM has established it is free from negligence, the crossclaims for contribution and common law indemnification

---

[3] Plaintiff asserts that "courts have regularly found owners, general contractors, and construction managers liable for injuries sustained from dangerous conditions at job-sites" but the cases plaintiff cites in support of this proposition do not involve construction managers (*Murphy v Columbia Univ.*, 4 AD3d 200 [1st Dept 2004]; *Seaman v A.B. Chance Co.*, 197 AD2d 612 [2nd Dept 1993]).

**161667/2019   WALSH, PATRICK vs. NEW YORK CITY HOUSING**                    **Page 5 of 6**
**Motion No.  002 003 004**

fail]; NYSCEF Doc No 304 § K [AECOM only obligated to indemnify NYCHA against claims for personal injuries arising from work performed on the premises]);

And it is further

ORDERED that plaintiff's cross-motion (MS #4) pursuant to CPLR § 3212 for partial summary judgment on the issue of AECOM's liability on plaintiff's causes of action is denied based on the foregoing.

20260224123009PG0ETZFD948B80EADA42D7B3DEC15BA9CD40CA

| | |
|---|---|
| **2/24/2026** | |
| **DATE** | **PAUL A. GOETZ, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**161667/2019   WALSH, PATRICK vs. NEW YORK CITY HOUSING**
**Motion No.  002 003 004**

**Page 6 of 6**

6 of 6