Romero v Evergreen Gardens II, LLC

2026 NY Slip Op 02295

April 15, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Alan Cristian Romero, appellant,

v

Evergreen Gardens II, LLC, et al., respondents (and a third-party action).

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 15, 2026

2022-02233, (Index No. 512903/18)

Colleen D. Duffy, J.P.

William G. Ford

Donna-Marie E. Golia

Susan Quirk, JJ.

Gorayeb & Associates, P.C., New York, NY (John M. Shaw of counsel), for appellant.

Litchfield Cavo LLP, New York, NY (Paul J. Tramontano of counsel), for respondents.

Hannum Feretic Prendergast & Merlino, LLC, New York, NY (Douglas J. Domsky and Mary Azzaretto of counsel), for third-party defendant.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ingrid Joseph, J.), dated February 28, 2022. The order, insofar as appealed from, denied those branches of the plaintiff's cross-motion which were for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on violations of 12 NYCRR 23-1.7(a), 23-5.1(i), and 23-1.17.

ORDERED that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action against the defendants, Evergreen Gardens II, LLC (hereinafter Evergreen), and Brooklyn GC, LLC (hereinafter Brooklyn GC), to recover damages for personal injuries he alleged he sustained when two bricks fell onto his head while he was working for the third-party defendant, Reliable Masonry Corp., a subcontractor for Brooklyn GC, at a construction site on premises owned by Evergreen. The plaintiff asserted, inter alia, causes of action alleging violations of Labor Law §§ 240(1) and 241(6). As relevant to this appeal, the plaintiff cross-moved, among other things, for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on violations of 12 NYCRR 23-1.7(a), 23-5.1(i), and 23-1.17. In an order dated February 28, 2022, the Supreme Court, inter alia, denied those branches of the plaintiff's cross-motion. The plaintiff appeals.

"'Labor Law § 240(1) imposes absolute liability upon an owner or contractor for failing to provide or erect safety devices necessary to give proper protection to a worker who sustains injuries proximately caused by that failure'" (Gonzalez v Madison Sixty, LLC, 216 AD3d 1141, 1142, quoting Bland v Manocherian, 66 NY2d 452, 459). "The contemplated hazards [of Labor Law § 240(1)] are those related to the effects of gravity where protective devices are called for either [*2]because of a difference between the elevation level of the required work and a lower level or a difference between the elevation level where the worker is positioned and the higher level of the materials or load being hoisted or secured" (Rocovich v Consolidated Edison Co., 78 NY2d 509, 514; see Rodriguez v Waterfront Plaza, LLC, 207 AD3d 489, 490). Therefore, a plaintiff must show more than simply that an object fell, thereby causing injury to a worker but rather, must show that, at the time the object fell, it was being hoisted or secured, or that the falling object required securing for the purposes of the undertaking (see Pazmino v 41-50 78th St. Corp., 139 AD3d 1029, 1030).

Here, the Supreme Court properly denied that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). The plaintiff's submissions in support of his cross-motion failed to eliminate triable issues of fact as to what caused the bricks to fall and whether, under the circumstances of this case, this was a situation where a securing device of the kind enumerated in Labor Law § 240(1) would have been necessary or even expected (see Majerski v City of New York, 193 AD3d 715, 715; Gonzalez v TJM Constr. Corp., 87 AD3d 610, 611).

"Labor Law § 241(6) imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers . . . In order to recover damages on a cause of action alleging a violation of Labor Law § 241(6), a plaintiff must establish the violation of an Industrial Code provision which sets forth specific safety standards" (La Veglia v St. Francis Hosp., 78 AD3d 1123, 1125 [internal quotation marks omitted]).

Here, the Supreme Court also properly denied that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability on so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-1.7(a). The plaintiff's submissions in support of his cross-motion failed to eliminate triable issues of fact as to the applicability of 12 NYCRR 23-1.7(a)(1), as the plaintiff failed to establish, prima facie, that he was standing in an area "normally exposed to falling material or objects" at the time of the accident (see Crichigno v Pacific Park 550 Vanderbilt, LLC, 186 AD3d 664, 665; Gonzalez v TJM Constr. Corp., 87 AD3d at 611). Additionally, 12 NYCRR 23-5.1(i) and 23-1.17 set standards for scaffolding and life nets, respectively, and the plaintiff failed to eliminate triable issues of fact as to whether these standards were applicable (see Weekes v Tishman Tech. Corp., 238 AD3d 948; Venegas v Shymer, 201 AD3d 1001, 1003).

Accordingly, the Supreme Court properly denied those branches of the plaintiff's cross-motion which were for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on violations of 12 NYCRR 23-1.7(a), 23-5.1(i), and 23-1.17.

DUFFY, J.P., FORD, GOLIA and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court