■ JAMES J. MURTHA, JR., Appellant, v INTEGRAL CONSTRUCTION CORP. et al., Respondents. (And Other Actions.) [677 NYS2d 338] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered July 3, 1997, which, insofar as appealed from, granted the motion of defendant Integral Construction Corp. (Integral) for summary judgment dismissing plaintiff's causes of action under Labor Law §§ 200 and 241 (6), unanimously reversed, on the law, without costs, and the causes of action reinstated.

On December 15, 1987, plaintiff, an electrician in the employ

of third-party defendant Fred Geller Electrical, was working at a construction site located at 625 Madison Avenue in Manhattan. Defendant-respondent Integral was the general contractor for the project.

Plaintiff and a co-worker were crossing a basement when plaintiff heard drilling from overhead and was immediately showered by debris falling from the ceiling, thereby causing him injury. It is uncontested that defendant's employees were drilling and chopping concrete on the floor directly above the basement, that the basement area was not blocked off and that there were no warnings posted indicating that there was danger of falling debris.

Although plaintiff's complaint consisted of one cause of action sounding in negligence, plaintiff alleged therein that "the claim arose out of a violation of Article 10 of the Labor Law". Moreover, in his bill of particulars, plaintiff claimed that defendant had violated Labor Law §§ 200, 240, and 241 and that defendant's negligence consisted of: "removing a portion of the concrete floor above in a dangerous and hazardous manner, without properly providing for the safety of other workers in and about the area, in failing to provide proper * * * safety devices so as to catch and collect the falling debris, as well as failing to practice proper procedures in removing the concrete ceiling so as to protect others properly in the course of their employment."

Upon Integral's motion for summary judgment dismissing the complaint, plaintiff, while not contesting the motion to dismiss his cause of action under Labor Law § 240 (1), argued that, in addition to his negligence cause of action, his remaining causes of action under the Labor Law should be sustained. In reference to his claim under section 241 (6), he asserted several violations of specific sections of the rules and regulations of the Commissioner of the Department of Labor. The IAS Court, while upholding plaintiff's negligence cause of action, held that plaintiff had never properly asserted a cause of action pursuant to Labor Law § 200 and dismissed his Labor Law § 241 (6) claim. Since we find that the Labor Law causes of action should be sustained, we reverse.

First, although Labor Law § 200 was specifically referred to for the first time in plaintiff's bill of particulars rather than in the complaint, we do not find that this warrants dismissal under these circumstances. Plaintiff not only asserted a cause of action for negligence in his complaint, but specifically alleged that defendant was negligent and careless in creating a dangerous condition at the work site. Inasmuch as Labor Law

§ 200 is simply a codification of common-law negligence (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494), plaintiff's allegations were clearly adequate to put defendant on notice that he was asserting a cause of action under Labor Law § 200 "despite the absence of any specific reference in the complaint" (*Smith v Hovnanian Co.*, 218 AD2d 68, 72).

As to plaintiff's cause of action under Labor Law § 241 (6), which requires the assertion that the defendant has violated a specific command of the rules and regulations promulgated by the Commissioner of the Department of Labor, although plaintiff did not initially allege specific regulatory violations in his complaint or bill of particulars, he did state in his complaint that defendant had violated article 10 of the Labor Law. Moreover, in his bill of particulars, he referred to section 241 as one of the statutes violated by defendant and specifically set forth that defendant's negligence consisted of removing the concrete floor in a dangerous manner and "without properly providing for the safety of other workers", and in failing to "provide proper safety devices" for falling debris.

Furthermore, in opposition to summary judgment plaintiff set forth that Integral had violated 12 NYCRR 23-3.3 (g),[1] which requires certain safety precautions to be taken in areas subject to falling debris. He also asserted that defendant had violated 12 NYCRR 23-1.7 (a) (1).[2] Clearly, these sections contain " 'specific, positive command[s]' " sufficient to satisfy section 241 (6) (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 504, *supra*) and, just as clearly, plaintiff's allegations concerning the circumstances under which he was injured constitute a violation of these commands.

Under these circumstances, we decline to dismiss merely because plaintiff did not identify the specific code violations

---

**1.** *"Protection in other areas.* Every floor or equivalent area within the building or other structure that is subject to the hazard of falling debris or materials from above shall be boarded up to prevent the passage of any person through such area, or shall be fenced off by a substantial safety railing constructed and installed in compliance with this Part (Rule) and placed not less than 20 feet from the perimeter of such floor opening or such area shall be provided with overhead protection in the form of tight planking at least two inches thick full size, exterior grade plywood at least three-quarters inch thick or material of equivalent strength."

**2.** "Every place where persons are required to work or pass that is normally exposed to falling material or objects shall be provided with suitable overhead protection. Such overhead protection shall consist of tightly laid sound planks at least two inches thick full size, tightly laid three-quarter inch exterior grade plywood or other material of equivalent strength. Such overhead protection shall be provided with a supporting structure capable of supporting a loading of 100 pounds per square foot."

until he filed his opposition papers to the summary judgment motion (*see, White v Farash Corp.*, 224 AD2d 978, 979; *cf., Charles v City of New York*, 227 AD2d 429, 430, *lv denied* 88 NY2d 815). Concur—Ellerin, J. P., Tom, Mazzarelli and Saxe, JJ.