PATRICK DONNELLY, Appellant, v CITY OF NIAGARA FALLS, Respondent and Third-Party Plaintiff-Appellant, MONROE MONITORING & ANALYSIS, INC., Third-Party Defendant-Respondent. MONROE MONITORING & ANALYSIS, INC., Fourth-Party Plaintiff-Respondent, v USA REMEDIATION SERVICES, INC., Fourth-Party Defendant-Appellant-Respondent. [773 NYS2d 631]—

Appeals from an order of the Supreme Court, Niagara County (Amy J. Fricano, J.), entered October 21, 2002. The order, inter alia, denied plaintiff's motion for partial summary judgment on liability under Labor Law §§ 240 and 241 (6).

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying defendant's cross motion in part and reinstating the Labor Law § 241 (6) claim and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained in the course of his work removing a roof containing asbestos. Plaintiff was hit by a bag containing asbestos debris that was thrown from an upper roof onto the lower roof deck where plaintiff was working, approximately 10 feet below. It was plaintiff's job to retrieve the bags and

empty the debris into a chute that extended only from the roof deck on which plaintiff was working to the ground. Plaintiff was in the drop zone retrieving a bag for disposal when he was struck. Supreme Court properly denied that part of plaintiff's motion seeking partial summary judgment on liability under Labor Law § 240 (1) and properly granted that part of the cross motion of defendant-third-party plaintiff (defendant) seeking summary judgment dismissing that claim. "[T]he asbestos 'that fell on plaintiff was not a material being hoisted or a load that required securing for the purposes of the undertaking at the time it fell . . . This was not a situation where a hoisting or securing device of the kind enumerated in the statute would have been necessary or even expected' " (*Roberts v General Elec. Co.*, 97 NY2d 737, 738 [2002]).

We agree with plaintiff, however, that the court erred in dismissing plaintiff's claim under Labor Law § 241 (6), and we therefore modify the order accordingly. Plaintiff has identified two Industrial Code violations that may be applicable to the working conditions here. 12 NYCRR 23-2.1 (b) states that "[d]ebris shall be handled and disposed of by methods that will not endanger any person employed in the area of such disposal or any person lawfully frequenting such area." That section is sufficiently specific to support a Labor Law § 241 (6) claim (*see Perry v City of Syracuse Indus. Dev. Agency*, 283 AD2d 1017 [2001]; *Kvandal v Westminster Presbyt. Socy. of Buffalo*, 254 AD2d 818 [1998]), and plaintiff raised an issue of fact whether that section was violated. Similarly, 12 NYCRR 23-3.3 (e) (1), (2) states that, "[w]here the demolition of any building or other structure is being performed by hand, debris, bricks and any other materials shall be removed . . . [b]y means of *chutes* constructed and installed in compliance with this Part . . . [or] [b]y means of buckets or hoists" (emphasis added). The removal of the roof containing asbestos material constitutes "demolition by hand" inasmuch as it is "work *incidental to or associated with the . . . partial dismantling* or razing of a building" (12 NYCRR 23-1.4 [b] [16] [emphasis added]). Thus, there is a triable issue of fact whether "buckets or hoists" or "chutes" should have been used pursuant to section 23-3.3 (e).

We reject the contention of defendant that the court erred in granting that part of the cross motion of third-party-defendant-fourth-party plaintiff, Monroe Monitoring & Analysis, Inc. (Monroe), seeking summary judgment dismissing the third-party complaint for indemnification and contribution. Monroe was hired to monitor the contractor's compliance with Industrial Code Rule No. 56 (12 NYCRR part 56), governing asbestos

abatement, and Monroe established as a matter of law that it did not have any contractual right or common-law duty to supervise or control the work of plaintiff's employer, fourth-party defendant, USA Remediation Services, Inc. (USA). Moreover, the court properly granted that part of Monroe's cross motion seeking indemnification from USA, because USA was the only entity that " ' "controlled and directed the performance of plaintiff's work" ' " leading to plaintiff's injury (*Gillmore v Duke/Fluor Daniel*, 221 AD2d 938, 940 [1995]). Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Gorski and Hayes, JJ.