■ VIKRAM HARINARAIN et al., Appellants, v ELIZABETH WALKER et al., Respondents. [900 NYS2d 364]—

In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Hinds-Radix, J.), dated March 27, 2009, as denied those branches of their motion which were for summary judgment on the issue of liability on their cause of action alleging violations of Labor Law § 240 (1) and § 241 (6).

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Vikram Harinarain was working on a demolition project, removing the fire-damaged roof of a building. He and his fellow workers threw the cut-up pieces of roofing and plywood through a hole in the roof to the third floor of the building, from where it would eventually be removed.

On the day of the accident, Harinarain was sent to the third floor to get an extension cord so as to enable the workers to use a second saw on the roof. As Harinarain reached to get the cord, a piece of plywood either was thrown through, or fell from, the hole in the roof, and struck his hand, allegedly causing injuries. Harinarain and his wife, suing derivatively, subsequently commenced this action to recover damages for, inter alia, violations of Labor Law § 240 (1) and § 241 (6). The plaintiffs moved for summary judgment on the issue of liability, and the Supreme Court denied that motion, concluding that there was a triable issue of fact as to whether Harinarain was comparatively negligent.

That branch of the plaintiffs' motion which was for summary judgment on the cause of action alleging a violation of Labor Law § 240 (1) was properly denied, albeit for a reason different from that stated by the Supreme Court. The plaintiffs failed to make a prima facie showing that the plywood which allegedly caused Harinarain's injuries was material which required securing within the meaning of Labor Law § 240 (1) (*see Roberts v General Elec. Co.*, 97 NY2d 737 [2002]; *Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268 [2001]; *Donnelly v City of Niagara Falls*, 5 AD3d 1103 [2004]).

The Supreme Court properly denied that branch of the plaintiffs' motion which was for summary judgment on the cause of action alleging a violation of Labor Law § 241 (6). Although the plaintiffs established, prima facie, their entitlement to judgment as a matter of law with respect to that alleged violation, the defendants raised a triable issue of fact as to whether Harinarain was comparatively negligent (*see Edwards v C&D Unlimited*, 295 AD2d 310, 311 [2002]; *Amirr v Calcagno Constr. Co.*, 257 AD2d 585 [1999]). Dillon, J.P., Florio, Leventhal and Roman, JJ., concur.