■ JOEL FRIED, Appellant-Respondent, v ALWAYS GREEN, LLC, Defendant/Third-Party Plaintiff-Respondent-Appellant. CASTLE HOUSE DEVELOPMENT INC., Third-Party Defendant-Respondent. [910 NYS2d 452]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated July 22, 2009, as denied his motion for summary judgment on the issue of liability and granted those branches of the cross motion of the defendant/third-party plaintiff which were for summary judgment dismissing his common-law negligence and Labor Law §§ 200 and 240 (1) causes of action and so much of his Labor Law § 241 (6) cause of action as was based on alleged violations of 12 NYCRR 23-1.7, 23-1.19, 23-1.20 and 23-6.3, and the defendant/third-party plaintiff cross-appeals from so much of the same order as denied that branch of its cross motion which was for summary judgment dismissing so much the plaintiff's Labor Law § 241 (6) cause of action as was based on an alleged violation of 12 NYCRR 23-2.6 and granted the motion of the third-party defendant for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable by the defendant/third-party plaintiff to the third-party defendant, and one bill of costs payable by the plaintiff to the defendant/third-party plaintiff.

The plaintiff, an employee of the third-party defendant, Castle House Development, Inc. (hereinafter Castle House), allegedly was injured while standing outside a construction project in

Brooklyn. The plaintiff alleged that while he was standing 10 to 18 feet away from a "dumpster," a laborer also employed by Castle House tossed a bag of construction debris from the roof of the building onto the plaintiff's head. The plaintiff subsequently commenced this action to recover damages for personal injuries against Always Green, LLC (hereinafter Always Green), the owner of the subject premises, asserting causes of action sounding in common-law negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6). Always Green then commenced a third-party action for common-law indemnification against Castle House.

The Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on his Labor Law § 240 (1) cause of action and properly granted that branch of Always Green's cross motion which was for summary judgment dismissing that cause of action. The evidence submitted with the motion and the cross motion established that the bag of construction debris which struck the plaintiff was not material being hoisted or a load which required securing for the purposes of the undertaking at the time it fell (*see Roberts v General Elec. Co.*, 97 NY2d 737, 738 [2002]; *Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268 [2001]; *Harinarain v Walker*, 73 AD3d 701, 702 [2010]; *Donnelly v City of Niagara Falls*, 5 AD3d 1103, 1104 [2004]).

The Supreme Court also properly denied that branch of the plaintiff's motion which was for summary judgment on his common-law negligence and Labor Law § 200 causes of action and properly granted that branch of Always Green's cross motion which was for summary judgment dismissing those causes of action. The evidence established that the injury arose out of an alleged defect in the methods or materials of the work, and that Always Green did not have the authority to supervise or control the performance of the work (*see Persichilli v Triborough Bridge & Tunnel Auth.*, 16 NY2d 136, 146-147 [1965]; *Ortega v Puccia*, 57 AD3d 54, 61 [2008]).

Contrary to the contention of Always Green, the Supreme Court properly denied that branch of its motion which was for summary judgment dismissing so much of the plaintiff's Labor Law § 241 (6) cause of action as was predicated on an alleged violation of 12 NYCRR 23-2.6, as there is a triable issue of fact regarding whether the absence of a required "catch platform" was a proximate cause of the injury. Contrary to the contention of the plaintiff, however, the Supreme Court properly granted those branches of Always Green's motion which were for summary judgment dismissing so much of the plaintiff's Labor Law

§ 241 (6) cause of action as was predicated on alleged violations of 12 NYCRR 23-1.7, 23-1.19, 23-1.20 and 23-6.3, as Always Green established that those provisions are inapplicable to the case at bar (*see Marin v AP-Amsterdam 1661 Park LLC*, 60 AD3d 824, 826 [2009]; *Aloi v Structure-Tone, Inc.*, 2 AD3d 375, 376 [2003]), and in opposition, the plaintiff failed to raise a triable issue of fact.

Contrary to Always Green's contention, the Supreme Court properly granted Castle House's motion for summary judgment dismissing the third-party complaint. Castle House made a prima facie showing of entitlement to judgment as a matter of law by establishing that the plaintiff did not suffer a "grave injury" as defined by Workers' Compensation Law § 11 (*see Rubeis v Aqua Club, Inc.*, 3 NY3d 408 [2004]; *Goodleaf v Tzivos Hashem, Inc.*, 68 AD3d 817 [2009]; *Dechnik v Fortunato Sons, Inc.*, 58 AD3d 793, 794 [2009]). In opposition, Always Green failed to raise a triable issue of fact.

The plaintiff's remaining contentions are without merit. Mastro, J.P., Dickerson, Eng and Lott, JJ., concur.