In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an *824 order of the Supreme Court, Westchester County (O. Bellantoni, J.), entered November 25, 2011, as denied their motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) and granted that branch of the defendants’ cross motion which was for summary judgment dismissing that cause of action.
Ordered that the order is affirmed insofar as appealed from, with costs.
The plaintiff John Banscher (hereinafter the injured plaintiff) allegedly was injured while he was installing shingles on a pitched roof, when a water jug that belonged to another worker rolled down the roof and hit the injured plaintiff, causing him to fall onto the surface of the roof. The defendant Atlantic Marine Corps Communities, LLC, owned the building that was being constructed, and the defendant Actus Lend Lease, LLC (hereinafter together the defendants), was the project’s construction manager. The injured plaintiff, and his wife suing derivatively, commenced this action to recover damages, inter alia, for personal injuries. The plaintiffs moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) and the defendants cross-moved for summary judgment, among other things, dismissing that cause of action. The Supreme Court denied the plaintiffs’ motion and granted that branch of the defendants’ cross motion.
Labor Law § 240 (1) is designed to prevent those types of accidents in which a safety device of the type identified in the statute is inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501 [1993]). However, not every object that falls on a worker gives rise to the extraordinary protections of Labor Law § 240 (1): a plaintiff must show that, at the time the object fell, it was being hoisted or secured, or that the falling object required securing for the purposes of the undertaking (see Outar v City of New York, 5 NY3d 731, 732 [2005]; Narducci v Manhasset Bay Assoc., 96 NY2d 259, 267 [2001]; Mendez v Jackson Dev. Group, Ltd., 99 AD3d 677 [2012]).
Here, the defendants established, prima facie, that the water jug “was not a material being hoisted or a load that required securing for the purposes of the undertaking at the time it fell” (Roberts v General Elec. Co., 97 NY2d 737, 738 [2002] [internal quotation marks omitted]; see Fried v Always Green, LLC, 77 AD3d 788, 789 [2010]; Novak v Del Savio, 64 AD3d 636, 638 [2009]; Donnelly v City of Niagara Falls, 5 AD3d 1103, 1104 [2004]; cf. Harinarain v Walker, 73 AD3d 701, 702 [2010]). In *825 opposition, the plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). For the same reason, the plaintiffs failed to make a prima facie showing in support of their motion for summary judgment on the issue of liability on this cause of action.
Accordingly, the Supreme Court properly granted the subject branch of the defendants’ cross motion and denied the plaintiffs’ motion. Mastro, J.P., Lott, Roman and Cohen, JJ., concur.