■ GALO MONCAYO et al., Appellants, v CURTIS PARTITION CORPORATION et al., Respondents. [965 NYS2d 593]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Pineda-Kirwan, J.), entered November 7, 2011, as denied that branch of their motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), and granted those branches of the defendants' cross motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 240 (1) and a violation of Labor Law § 241 (6) insofar as predicated upon an alleged violation of 12 NYCRR 23-1.7 (a).

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Galo Moncayo, a worker at a school construction

site, allegedly was injured when, while standing on the ground outside the school, he was struck by a piece of sheetrock that had fallen from the third floor of the school building. Another worker, Michael McNerny, had been working on the third floor, using a power saw to cut out a piece of sheetrock from the ceiling to facilitate the installation of a grill for the air conditioning system. McNerny was cutting the sheetrock into small pieces so he could handle each one himself without assistance, but in this instance, a small piece of sheetrock slipped from his hand and bounced off a window sill before falling through an empty window frame and striking Galo on the ground. Galo, and his wife suing derivatively, alleging negligence and violation of Labor Law §§ 200, 240 (1) and 241 (6). The plaintiffs then moved for summary judgment on the issue of liability on various causes of action, and the defendants cross-moved for summary judgment dismissing the complaint. The Supreme Court, inter alia, denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), and granted those branches of the defendants' cross motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 240 (1) and a violation of Labor Law § 241 (6) insofar as predicated upon an alleged violation of 12 NYCRR 23-1.7 (a).

The Supreme Court properly granted that branch of the defendants' cross motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) and denied that branch of the plaintiffs' motion which was for summary judgment on that cause of action. As the Court of Appeals has observed, not every injury caused by a falling object at a construction site is covered by the extraordinary protections of Labor Law § 240 (1) (*see Toefer v Long Is. R.R.*, 4 NY3d 399, 407 [2005]; *Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267 [2001]). Rather, in a "falling object" case under Labor Law § 240 (1) (*cf. Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 604 [2009]), a plaintiff must show that, at the time the object fell, it was "being hoisted or secured" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d at 268) or "required securing for the purposes of the undertaking" (*Outar v City of New York*, 5 NY3d 731, 732 [2005]; *see Quattrocchi v F.J. Sciame Constr. Corp.*, 11 NY3d 757, 758 [2008]; *Andresky v Wenger Constr. Co., Inc.*, 95 AD3d 1247, 1248-1249 [2012]). The plaintiff also must show that the object fell *"because of* the absence or inadequacy of a safety device of the kind enumerated in the statute" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d at 268; *see Mendez v Jackson Dev. Group, Ltd.*, 99 AD3d 677, 678 [2012]; *cf. Run-*

*ner v New York Stock Exch., Inc.*, 13 NY3d at 603-604). The statute does not apply in situations in which a hoisting or securing device of the type enumerated in the statute would not be necessary or expected (*see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp.*, 18 NY3d 1, 8 [2011]; *Narducci v Manhasset Bay Assoc.*, 96 NY2d at 268-269).

Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 240 (1). McNerny testified that the sheetrock debris was placed in piles and then bagged. It was not discarded in pieces through the window openings. Because those small pieces of sheetrock were not in the process of being hoisted or secured and did not require hoisting or securing, the "special protection" of Labor Law § 240 (1) was not implicated (*Wilinski v 334 E. 92nd Hous. Dev. Fund Corp.*, 18 NY3d at 7; *see Roberts v General Elec. Co.*, 97 NY2d 737, 738 [2002]; *Fried v Always Green, LLC*, 77 AD3d 788, 789 [2010]; *Galvan v Triborough Bridge & Tunnel Auth.*, 29 AD3d 517, 518 [2006]; *cf. Outar v City of New York*, 5 NY3d at 732; *Baker v Barron's Educ. Serv. Corp.*, 248 AD2d 655, 655-656 [1998]). In opposition, the plaintiffs failed to raise a triable issue of fact.

The Supreme Court also properly granted that branch of the defendants' cross motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as that cause of action was predicated upon a violation of 12 NYCRR 23-1.7 (a). That section requires suitable overhead protection in areas that are "normally exposed to falling material or objects" (12 NYCRR 23-1.7 [a] [1]). The defendants established, prima facie, that 12 NYCRR 23-1.7 (a) (1) is inapplicable to the facts of this case because the area where the accident occurred was not normally exposed to falling material or objects. In opposition, the plaintiffs failed to raise a triable issue of fact (*see Fried v Always Green, LLC*, 77 AD3d at 790; *Marin v AP-Amsterdam 1661 Park LLC*, 60 AD3d 824, 825 [2009]; *cf. Roosa v Cornell Real Prop. Servicing, Inc.*, 38 AD3d 1352, 1354 [2007]). Rivera, J.P., Balkin, Dickerson and Cohen, JJ., concur.