■ ALEKSEY PODOBEDOV, Appellant-Respondent, v EAST COAST CONSTRUCTION GROUP, INC., Also Known as T.F.N. DEVELOPMENT CORP., et al., Defendants/Third-Party Plaintiffs-Respondents-Appellants. IBK ENTERPRISES, Inc., Doing Business as IBK CONSTRUCTION Co., Third-Party Defendant-Respondent-Appellant. [21 NYS3d 128]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Schack, J.), dated April 1, 2013, as denied his motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), the defendants/third-party plaintiffs cross-appeal, as limited by their brief, from so much of the same order as denied their cross motion for summary judgment dismissing the complaint or, in the alternative, for summary judgment on the issue of contractual indemnification, and the third-party defendant cross-appeals, as limited by its brief, from so much of the same order as, in effect, denied its cross motion for summary judgment dismissing the complaint and the third-party complaint.

Ordered that the order is affirmed, without costs or disbursements.

The complaint alleged that, on August 1, 2006, while acting in the course of his employment for the third-party defendant, IBK Enterprises, Inc. (hereinafter IBK), a subcontractor at the subject construction site, the plaintiff sustained injuries when he was struck on the head by falling concrete. The defendants/third-party plaintiffs, East Coast Construction Group, Inc. and Clinton West Partners, LLC (hereinafter together the defendants), were, respectively, the general contractor and the owner of the site. The complaint alleged violations of Labor Law §§ 200, 240 (1) and 241 (6), and the third-party complaint sought contractual indemnification from IBK. The plaintiff moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), the defendants cross-moved for summary judgment dismissing the complaint or, in the alternative, for summary judgment on the issue of contractual indemnification, and IBK cross-moved for summary judgment dismissing the complaint and the third-party complaint. The Supreme Court denied the plaintiff's motion and the defendants' cross motion, and, in effect, denied IBK's cross motion. We agree with the Supreme Court's conclusion that none of the parties made a prima facie showing of entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

According to the plaintiff's deposition testimony, submitted by the defendants and IBK in support of their cross motions for summary judgment dismissing the complaint, at the time of

the accident, he was working outside on ground level, about five to eight feet from a building, cleaning two-by-four wooden frames that had been used as forms into which wet cement had been poured. The plaintiff further testified that these frames, after being plucked out of the cement, were lowered to him on ropes by workers on the sixth floor, where the cement was being poured, and that, upon receiving the frames, the plaintiff untied them and washed off the hardening cement that sometimes remained ·stuck to them when they were lifted out of the wet cement.

Contrary to the contentions of the defendants and IBK, even in the absence of an eyewitness who could identify the falling object or where it came from, the plaintiff's deposition testimony that people on the sixth floor were using a rope to lower the frames to him, that pieces of hardened cement sometimes stuck to the frames, and that, after he was struck by the object, he saw pieces of cement on the ground that had not been there before the accident, was sufficient to raise a triable issue of fact as to whether the plaintiff was hit by a piece of concrete that fell from the sixth floor, where wet concrete was being poured, or from one of the frames being lowered to the plaintiff (*see Gonzalez v TJM Constr. Corp.*, 87 AD3d 610, 611 [2011]; *Zervos v City of New York*, 8 AD3d 477, 480 [2004]; *Rios v 474431 Assoc.*, 278 AD2d 399, 399-400 [2000]; *Cosgriff v Manshul Constr. Corp.*, 239 AD2d 312 [1997]). " '[F]alling object' liability under Labor Law § 240 (1) is not limited to cases in which the falling object is in the process of being hoisted or secured" (*Quattrocchi v F.J. Sciame Constr. Corp.*, 11 NY3d 757, 758-759 [2008]), but "may be imposed where an object or material that fell, causing injury, was 'a load that required securing for the purposes of the undertaking at the time it fell' " (*Sung Kyu-To v Triangle Equities, LLC*, 84 AD3d 1058, 1060 [2011], quoting *Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268 [2001]; *see Outar v City of New York*, 5 NY3d 731, 732 [2005]). Here, none of the evidence submitted by the defendants and IBK in support of their cross motions, including the conclusory expert affidavit submitted by IBK, established, prima facie, that the object that fell was not a part of the load that required securing for the purposes of the undertaking at the time it fell (*see Roberts v General Elec. Co.*, 97 NY2d 737, 738 [2002]; *Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268 [2001]; *Banscher v Actus Lend Lease, LLC*, 103 AD3d 823, 824 [2013]; *Fried v Always Green, LLC*, 77 AD3d 788, 789 [2010]). However, contrary to the plaintiff's contention, under the circumstances of this case, in which he admitted that he did not see the falling object, how it fell, or where it

fell from before it allegedly struck him, his mere belief that he was hit by cement that had fallen from the sixth floor or from a two-by-four frame being lowered to him was insufficient to establish, prima facie, that his injuries were proximately caused by the alleged violations of the Labor Law, namely, the absence or inadequacy of a safety device or other violation of the statute (*see Wysk v New York City School Constr. Auth.*, 87 AD3d 1131, 1132 [2011]; *Galvan v Triborough Bridge & Tunnel Auth.*, 29 AD3d 517, 518 [2006]). Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the cause of action alleging a violation of Labor Law § 240 (1), and properly denied those branches of the cross motions which were for summary judgment dismissing that cause of action.

Likewise, the Supreme Court properly denied those branches of the cross motions of the defendants and IBK which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) premised upon 12 NYCRR 23-1.7 (a) (1). Section 23-1.7 (a) (1) of the Industrial Code, entitled "Protection from general hazards," mandates the use of appropriate safety devices to protect workers from "overhead hazards" in areas "where persons are required to work or pass that [are] normally exposed to falling material or objects" (*see Amerson v Melito Constr. Corp.*, 45 AD3d 708, 709 [2007]). In light of the plaintiff's testimony submitted by the defendants and IBK in support of their cross motions, they failed to eliminate all issues of fact as to whether the area in which the plaintiff was standing when he was struck was not normally exposed to falling material or objects, which would render 12 NYCRR 23-1.7 (a) (1) inapplicable (*see Gonzalez v TJM Constr. Corp.*, 87 AD3d 610, 611 [2011]; *Amerson v Melito Constr. Corp.*, 45 AD3d 708, 709 [2007]; *Belcastro v Hewlett-Woodmere Union Free School Dist. No. 14*, 286 AD2d 744, 746 [2001]; *Murtha v Integral Constr. Corp.*, 253 AD2d 637 [1998]), or whether a suitable overhead protection could have been provided which would have prevented the accident.

In light of the triable issues of fact remaining as to how the plaintiff's injuries were caused, and the provision in the subcontract that the subcontractor may be required to indemnify the contractor "only to the extent [the claims, damages, losses and expenses were] caused by the negligent acts or omissions of the Subcontractor," the Supreme Court properly determined that the issue of indemnification must await determination by a jury.

Accordingly, the Supreme Court properly denied the plain-

tiff's motion and the respective cross motions of the defendants and IBK. Hall, J.P., Roman, Sgroi and Hinds-Radix, JJ., concur.