◼ DEXTER MILLETTE, Appellant, v TISHMAN CONSTRUCTION CORPORATION et al., Respondents. (Appeal No. 1.) DEXTER MILLETTE, Appellant-Respondent, v TISHMAN CONSTRUCTION CORPORATION et al., Respondents-Appellants. (Appeal No. 2.) [42 NYS3d 285]—

In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated May 8, 2014, which denied his motion for summary judgment on the causes of action alleging a violation of Labor Law §§ 240 (1) and 241 (6) and granted the defendants' cross motion for summary judgment dismissing those causes of action, and (2), as limited by his brief, from so

much of an order of the same court dated December 10, 2014, as, upon renewal, in effect, adhered to so much of the original determination in the order dated May 8, 2014, as denied his motion for summary judgment on the causes of action alleging a violation of Labor Law §§ 240 (1) and 241 (6) and granted that branch of the defendants' cross motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1), and the defendants cross-appeal, as limited by their brief, from so much of the order dated December 10, 2014, as granted the plaintiffs leave to renew, and, upon renewal, in effect, vacated so much of the original determination as granted that branch of the defendants' cross motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6), and thereupon denied that branch of their cross motion.

Ordered that the appeal from the order dated May 8, 2014, is dismissed, without costs or disbursements, as that order was superseded by the order dated December 10, 2014, made upon renewal; and it is further,

Ordered that the order dated December 10, 2014, is affirmed, without costs or disbursements.

The plaintiff was employed as a carpenter for a subcontractor hired by the defendant Tishman Construction Corporation (hereinafter Tishman). He was framing a wall on a project in a building owned by the defendants Cornell University, doing business as Weill Cornell Medical College, and Weill Cornell Medical College when he was struck by a sheet of plywood that fell from the floor above him. The plaintiff commenced this action against the defendants to recover damages for the personal injuries he allegedly sustained, asserting, inter alia, causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6). The plaintiff moved for summary judgment on the Labor Law causes of action, and the defendants cross-moved for summary judgment dismissing those causes of action. In an order dated May 8, 2014, the Supreme Court denied the plaintiff's motion and granted the defendants' cross motion. The plaintiff moved for leave to renew his prior motion and his opposition to the defendants' cross motion. In an order dated December 10, 2014, the court granted leave to renew, and upon renewal, adhered to its determination with respect to the Labor Law § 240 (1) cause of action, and, in effect, vacated its determination with respect to the Labor Law § 241 (6) cause of action and thereupon denied that branch of the defendants' cross motion.

Under the circumstances of this case, the Supreme Court providently exercised its discretion in granting the plaintiff's

motion for leave to renew his motion for summary judgment and his opposition to the defendants' cross motion for summary judgment, in order to consider the deposition transcript of the plaintiff's supervisor (*see Yax v Development Team, Inc.*, 67 AD3d 1003, 1004 [2009]).

Upon renewal, the Supreme Court correctly determined that the defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging violations of Labor Law § 240 (1) by submitting the deposition transcript of Tishman's superintendent, which demonstrated that the plywood that fell was not being hoisted or secured and did not require securing for the purposes of the undertaking at the time it fell (*see Fabrizi v 1095 Ave. of the Ams., L.L.C.*, 22 NY3d 658, 663 [2014]; *Quattrocchi v F.J. Sciame Constr. Corp.*, 11 NY3d 757, 758 [2008]; *Outar v City of New York*, 5 NY3d 731, 732 [2005]; *Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267 [2001]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendants violated Labor Law § 240 (1) (*see Harinarain v Walker*, 73 AD3d 701, 702 [2010]; *see also Podobedov v East Coast Constr. Group, Inc.*, 133 AD3d 733, 735-736 [2015]). Moreover, contrary to the plaintiff's contention, the statement submitted by the plaintiff in which the plaintiff's coworker claimed to have caused the plywood sheet to fall by stepping on it when it was located "beyond it [s] normal designated spot . . . hanging over a wide column," was insufficient to establish the plaintiff's entitlement to judgment as a matter of law, as it was unsworn and, in any event, failed to demonstrate that the plywood was required to be secured for the purposes of the undertaking (*see Narducci v Manhasset Bay Assoc.*, 96 NY2d at 267; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

As to the Labor Law § 241 (6) cause of action, which was predicated upon a violation of 12 NYCRR 23-1.7 (a) (1), the Supreme Court also correctly determined that, upon renewal, the defendants established their prima facie entitlement to judgment as a matter of law based upon the plaintiff's supervisor's affidavit, in which he averred that the area where the plaintiff was working was not normally exposed to falling material or objects (*see* 12 NYCRR 23-1.7 [a] [1]; *Moncayo v Curtis Partition Corp.*, 106 AD3d 963, 965 [2013]). In opposition, the plaintiff raised a triable issue of fact by submitting the plaintiff's supervisor's deposition testimony, in which he testified, in contradiction to his affidavit, that it was known that objects were "always" falling at the plaintiff's worksite, and that objects fell "sometimes" and "once in a while" (*see Podobedov v East Coast Constr. Group, Inc.*, 133 AD3d at 736).

Accordingly, upon renewal, the Supreme Court properly denied the plaintiff's motion for summary judgment on his Labor Law §§ 240 (1) and 241 (6) causes of action, granted that branch of the defendants' cross motion which was for summary judgment dismissing the Labor Law § 240 (1) cause of action, and denied that branch of the defendants' cross motion which was for summary judgment dismissing the Labor Law § 241 (6) cause of action.

The plaintiff's remaining contentions are without merit. Leventhal, J.P., Miller, LaSalle and Brathwaite Nelson, JJ., concur.