■ CHRISTOPHER RAIA et al., Respondents-Appellants, v BERKELEY COOPERATIVE TOWERS SECTION II CORP., Appellant-Respondent. [48 NYS3d 410]—

In an action to recover damages for personal injuries, etc.,

the defendant appeals, as limited by its brief, from stated portions of an order of the Supreme Court, Kings County (Martin, J.), dated December 11, 2014, which, inter alia, denied that branch of its motion, made at the close of evidence, which was pursuant to CPLR 4401 for judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 240 (1) and granted that branch of the plaintiffs' motion which was pursuant to CPLR 4401 for judgment as a matter of law on that cause of action, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as, in effect, sua sponte, directed dismissal of the cause of action alleging a violation of Labor Law § 241 (6).Ordered that the cross appeal is dismissed, as no appeal lies as of right from an order which does not decide a motion made on notice (*see* CPLR 5701 [a] [2]), and we decline to grant leave to appeal (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendant; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The plaintiff Christopher Raia (hereinafter the plaintiff), a plumber's mechanic, alleged that on January 14, 2010, he was injured when he was performing a job which required him to repair a boiler in the basement of one of the defendant building owner's cooperative buildings. At trial, the plaintiff testified that the boiler room contained two boilers, denominated boiler 1 and boiler 2. He testified that he performed work on boiler 2, which was shut off, while boiler 1 remained on. According to the plaintiff, to complete his work, he and his two coworkers used an extension ladder to ascend approximately 15 feet above the ground to the top of the boiler, where they worked on a two-foot-wide ledge without any protective railing. Boiler 2 was connected to boiler 1 by a series of pipes, and hot water at a temperature of 180 degrees Fahrenheit flowed from boiler 1 into boiler 2. The plaintiff further testified that the pipes above boiler 2 had shut-off valves just above where the plaintiff and his coworkers were working atop boiler 2, and that the work in which he and his coworkers were engaged required them to remove the sections of those pipes below the shut-off valves that connected into boiler 2. The plaintiff testified that he was injured when one of his coworkers accidentally bumped into two of the valves, which allowed hot water and steam to escape. The plaintiff testified that, as a result, he was burned by the hot water and fell from the top of boiler 2 to the floor, sustaining injuries.

The plaintiff, and his wife suing derivatively, commenced

this action against the defendant building owner, asserting causes of action alleging violations of Labor Law §§ 200, 240 (1), and 241 (6), and common-law negligence. A jury trial was held and, at the close of evidence, the plaintiffs moved, pursuant to CPLR 4401, among other things, for judgment as a matter of law on the Labor Law § 240 (1) cause of action. The defendant also moved, among other things, for judgment as a matter of law dismissing the Labor Law § 240 (1) cause of action. After trial, the jury returned a verdict finding that Labor Law § 240 (1) applied to this action, and that the defendant violated the statute by failing to provide the plaintiff with a proper safety device. However, it also found that such failure was not a proximate cause of the plaintiff's injuries. The jury also found the defendant liable under Labor Law § 200 and common-law negligence. Additionally, it found that the plaintiff's actions were a substantial factor in causing the accident, and apportioned 10% of the fault to the plaintiff.

Thereafter, the plaintiffs moved, among other things, to set aside the portion of the verdict that found that the plaintiff was a substantial factor in causing the accident and apportioning 10% of the fault to him. The Supreme Court, in an order dated December 11, 2014, inter alia, granted that branch of the plaintiffs' motion which was pursuant to CPLR 4401 for judgment as a matter of law on the Labor Law § 240 (1) cause of action, and set aside the portion of the verdict which found that the plaintiff was a substantial factor in causing the accident and apportioned 10% of the fault to him.

" 'A motion for judgment as a matter of law pursuant to CPLR 4401 or 4404 may be granted only when the trial court determines that, upon the evidence presented, there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury upon the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party' " (*Hamilton v Rouse*, 46 AD3d 514, 516 [2007], quoting *Tapia v Dattco, Inc.*, 32 AD3d 842, 844 [2006]). "In considering such a motion, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (*Hamilton v Rouse*, 46 AD3d at 516 [internal quotation marks omitted]).

Labor Law § 240 (1) requires that "[a]ll contractors and owners," in the "repairing" of a building or structure, "shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings,

hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed." Liability may "be imposed under the statute only where the 'plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential' " (*Nicometi v Vineyards of Fredonia, LLC,* 25 NY3d 90, 97 [2015], quoting *Runner v New York Stock Exch., Inc.,* 13 NY3d 599, 603 [2009]; *see Doto v Astoria Energy II, LLC,* 129 AD3d 660, 662 [2015]).

Here, the evidence adduced at trial, viewed in the light most favorable to the defendant, demonstrated that the defendant failed to provide an adequate safety device to the plaintiff, and that this failure proximately caused the plaintiff's fall. The fact that the plaintiff's coworker bumped into the valves, which caused hot water and steam to pour onto the plaintiff and precipitated his fall, was not of such an extraordinary nature or so attenuated from the defendant's conduct that responsibility for the injury should not reasonably be attributed to it (*see Morocho v Plainview-Old Bethpage Cent. Sch. Dist.,* 116 AD3d 935, 936 [2014]; *Cordero v Kaiser Org.,* 288 AD2d 424, 426 [2001]). Moreover, in light of the statutory violation, even if the plaintiff were negligent in some respect, his comparative negligence would not bar liability under Labor Law § 240 (1) (*see Gabrus v New York City Hous. Auth.,* 105 AD3d 699, 700 [2013]; *see also Castillo v 62-25 30th Ave. Realty, LLC,* 47 AD3d 865, 866 [2008]).

In light of our determination, we need not reach the parties' remaining contentions.

Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 4401 for judgment as a matter of law dismissing the Labor Law § 240 (1) cause of action, and properly granted that branch of the plaintiffs' motion which was pursuant to CPLR 4401 for judgment as a matter of law on that cause of action. Austin, J.P., Cohen, Maltese and Duffy, JJ., concur.