Ruiz v Ford (2018 NY Slip Op 02820)





Ruiz v Ford


2018 NY Slip Op 02820


Decided on April 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
SANDRA L. SGROI, JJ.


2016-00735
2016-00736
 (Index No. 15279/10)

[*1]Alan Ruiz, respondent,
v Mike Ford, etc., defendant, 5102 Foster Avenue Trust, appellant.


Hodgson Russ LLP, Buffalo, NY (Michael C. O'Neill of counsel), for appellant.
Kazmierczuk & McGrath, Forest Hills, NY (John P. McGrath of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant 5102 Foster Avenue Trust appeals from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated April 13, 2015, and a judgment of the same court dated December 3, 2015. The order denied that defendant's motion to vacate a determination granting the plaintiff's motion, in effect, pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability pursuant to Labor Law § 240(1) and denying that defendant's cross motion, in effect, pursuant to CPLR 4401 for judgment as a matter of law dismissing the amended complaint. The judgment, upon the order, is in favor of the plaintiff and against that defendant.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is reversed, on the law, the motion of the defendant 5102 Foster Avenue Trust to vacate the determination granting the plaintiff's motion, in effect, pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability pursuant to Labor Law § 240(1) and denying that defendant's cross motion, in effect, pursuant to CPLR 4401 for judgment as a matter of law dismissing the amended complaint is granted, the plaintiff's motion is denied, the cross motion of the defendant 5102 Foster Avenue Trust is granted, the order is modified accordingly, and the amended complaint is dismissed; and it is further,
ORDERED that one bill of costs is awarded to the defendant 5102 Foster Avenue Trust payable by the plaintiff.
In September 2008, the plaintiff, a service technician for nonparty Verizon, was injured at premises owned by the defendant 5102 Foster Avenue Trust (hereinafter the Trust) and leased by the defendant Mike Ford, who operated an automobile parts and transmission repair shop in a portion of the building (hereinafter the garage). On the day of the accident, Verizon dispatched the plaintiff to investigate and repair a loss of data service that Ford had reported to Verizon. At the time of the accident, the plaintiff was climbing a ladder supplied by Verizon in order to access the Verizon optical network terminal which was located on an interior wall of the building, several feet above an office shed roof that had been built within the garage. Tires were stored on the shed roof. [*2]The plaintiff had climbed approximately four or five rungs on his ladder when one or more tires fell from the office shed roof, struck the ladder, and caused the plaintiff to fall from the ladder to the ground.
Thereafter, the plaintiff commenced this action against Ford and the Trust to recover damages for personal injuries, alleging common-law negligence. Ford was dismissed from the action, and the plaintiff amended the complaint to state one cause of action, which was against the Trust alleging a violation of Labor Law § 240(1). The case proceeded to trial. After the close of the liability phase, the plaintiff moved, in effect, pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability pursuant to Labor Law § 240(1) and the Trust cross-moved, in effect, pursuant to CPLR 4401 for judgment as a matter of law dismissing the amended complaint. The Supreme Court granted the plaintiff's motion and denied the Trust's cross motion. Following the close of the damages phase of the trial, the Trust moved to vacate the determination granting the plaintiff's motion and denying the defendant's cross motion. In an order dated April 13, 2015, the court denied the motion. The court subsequently entered judgment upon the order in favor of the plaintiff and against the Trust. The Trust appeals from the order and the judgment.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
"A trial court's grant of a CPLR 4401 motion for judgment as a matter of law is appropriate where the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party" (Szczerbiak v Pilat, 90 NY2d 553, 556; see Hamilton v Rouse, 46 AD3d 514, 516). In considering such motion, "the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (Szczerbiak v Pilat, 90 NY2d at 556; see Raia v Berkeley Coop. Towers Section II Corp., 147 AD3d 989, 991).
"To prevail on a cause of action pursuant to section 240(1) [of the Labor Law] in a falling object case, the injured worker must demonstrate the existence of a hazard contemplated under that statute and the failure to use, or the inadequacy of, a safety device of the kind enumerated therein" (Berman-Rey v Gomez, 153 AD3d 653, 655 [internal quotation marks omitted]; see Fabrizi v 1095 Ave. of the Ams., L.L.C., 22 NY3d 658, 662). "This requires a showing that at the time the object fell, it either was being hoisted or secured, or required securing for the purposes of the undertaking" (Berman-Rey v Gomez, 153 AD3d at 655; see Fabrizi v 1095 Ave. of the Ams., L.L.C., 22 NY3d at 662-663; Narducci v Manhasset Bay Assoc., 96 NY2d 259, 268). "Labor Law § 240(1) does not apply in situations in which a hoisting or securing device of the type enumerated in the statute would not be necessary or expected'" (Seales v Trident Structural Corp., 142 AD3d 1153, 1156, quoting Moncayo v Curtis Partition Corp., 106 AD3d 963, 965; see Narducci v Manhasset Bay Assoc., 96 NY2d at 268).
Here, the evidence adduced at trial, viewed in the light most favorable to the plaintiff, demonstrated that the tires were not materials that were being hoisted or secured for the purposes of the undertaking, nor was it expected, under the circumstances of this case, that the tires would require securing for the purposes of the undertaking at the time one or more tires fell (see Narducci v Manhasset Bay Assoc., 96 NY2d at 268; Seales v Trident Structural Corp., 142 AD3d at 1156; Moncayo v Curtis Partition Corp., 106 AD3d at 965). Therefore, "the special protection' of Labor Law § 240(1) was not implicated" (Moncayo v Curtis Partition Corp., 106 AD3d at 965, quoting Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 7).
The parties' remaining contentions either are without merit, or need not be reached in light of our determination.
Accordingly, the Supreme Court should have granted the Trust's motion to vacate the [*3]determination granting the plaintiff's motion, in effect, pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability pursuant to Labor Law § 240(1) and denying its cross motion, in effect, pursuant to CPLR 4401 for judgment as a matter of law dismissing the amended complaint, and, thereupon, denied the plaintiff's motion, granted the Trust's cross motion, and dismissed the amended complaint.
BALKIN, J.P., AUSTIN, ROMAN and SGROI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court