Rzepka v City of New York (2024 NY Slip Op 02716)

Rzepka v City of New York

2024 NY Slip Op 02716

Decided on May 15, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2021-05088
 (Index No. 705593/16)

[*1]Renata Rzepka, etc., appellant,
v
City of New York, et al., respondents.

Segan, Nemerov, Singer, Sonin & Tancer, P.C. (Alexander J. Wulwick, New York, NY, of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Patrick J. Lawless and Judy Selmeci of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered July 12, 2021. The judgment, insofar as appealed from, upon an order of the same court entered July 16, 2019, inter alia, granting that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1), is in favor of the defendants and against the plaintiff dismissing that cause of action.
ORDERED that the judgment is reversed insofar as appealed from, on the law, with costs, the cause of action alleging a violation of Labor Law § 240(1) is reinstated, that branch of the defendants' motion which was for summary judgment dismissing that cause of action is denied, and the order entered July 16, 2019, is modified accordingly.
In April 2015, the plaintiff's decedent, Adam Rzepka (hereinafter Rzepka), was employed as a bricklayer at a renovation project in Queens, with the task of replacing the brick facade on a school building. To reach the building's facade, the bricklayers stood on platforms attached to a five- or six-level scaffold that had been erected around the school building. The platforms served to bridge a gap of approximately two feet between the scaffold and the exterior wall of the building. While Rzepka was standing on a platform attached to the second level of the scaffold, he was struck by several bricks that fell from the roof. Rzepka allegedly sustained personal injuries as a result of this incident.
In May 2016, Rzepka commenced this action against the defendants to recover damages for personal injuries, alleging, inter alia, a violation of Labor Law § 240(1). While the action was pending, Rzepka died and the plaintiff was substituted for Rzepka. In January 2018, the defendants moved for summary judgment dismissing the complaint. In an order entered July 16, 2019, the Supreme Court, among other things, granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1). A judgment was entered on July 12, 2021, upon the order, in favor of the defendants and against the plaintiff dismissing, inter alia, that cause of action. The plaintiff appeals.
"To prevail on a cause of action pursuant to section 240(1) [of the Labor Law] in a falling object case, the injured worker must demonstrate the existence of a hazard contemplated under that statute and the failure to use, or the inadequacy of, a safety device of the kind enumerated therein" (Ruiz v Ford, 160 AD3d 1001, 1003 [internal quotation marks omitted]; see Narducci v Manhasset Bay Assoc., 96 NY2d 259, 267). "This requires a showing that at the time the object fell, it either was being hoisted or secured, or required securing for the purposes of the undertaking" (Carranza v JCL Homes, Inc., 210 AD3d 858, 859 [internal quotation marks omitted]).
Here, the defendants' submissions failed to eliminate all triable issues of fact as to whether the bricks that struck Rzepka were part of a load that required securing (see Podobedov v East Coast Constr. Group, Inc., 133 AD3d 733, 735; Sung Kyu-To v Triangle Equitites, LLC, 84 AD3d 1058, 1060) or fell due to the "absence or inadequacy of an enumerated safety device" (Fabrizi v 1095 Ave. of the Ams., L.L.C., 22 NY3d 658, 663). Accordingly, the defendants failed to meet their prima facie burden, and the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1), regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
We decline the plaintiff's invitation to search the record and award her summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
IANNACCI, J.P., MALTESE, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court