Rivera v 26 W. 56, LLC (2025 NY Slip Op 04739)

Rivera v 26 W. 56, LLC

2025 NY Slip Op 04739

Decided on August 20, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 20, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
HELEN VOUTSINAS
JANICE A. TAYLOR
LAURENCE L. LOVE, JJ.

2023-07647
 (Index No. 511909/20)

[*1]Nancy Rivera, respondent,
v
26 W. 56, LLC, et al., appellants.

Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Patrick J. Lawless of counsel), for appellants.
Hach & Rose, LLP (Corey Morgenstern and Jason Levine, New York, NY, of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Rupert V. Barry, J.), dated May 5, 2023. The order, insofar as appealed from, denied that branch of the defendants' cross-motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the order is affirmed insofar as appealed from, with costs.
During the demolition phase of a building renovation project, the plaintiff was employed by Alba Services, Inc., to remove demolition debris and dispose of it. While performing this work, the plaintiff allegedly was injured when an HVAC duct that was being removed from a ceiling fell on her. The plaintiff commenced this action to recover damages for personal injuries against the defendants, 26 W. 56, LLC, the owner of the property, and Abeco Construction, LLC, the general contractor on the project, alleging, among other things, a violation of Labor Law § 240(1).
After the completion of discovery and in response to a motion by the plaintiff, the defendants cross-moved, inter alia, for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1). In an order dated May 5, 2023, the Supreme Court, among other things, denied that branch of the defendants' cross-motion. The defendants appeal.
"To prevail on a cause of action pursuant to section 240(1) [of the Labor Law] in a falling object case, the injured worker must demonstrate the existence of a hazard contemplated under that statute and the failure to use, or the inadequacy of, a safety device of the kind enumerated therein" (Rzepka v City of New York, 227 AD3d 922, 923 [internal quotation marks omitted]; see Ruiz v Ford, 160 AD3d 1001, 1003). "This requires a showing that at the time the object fell, it either was being hoisted or secured, or required securing for the purposes of the undertaking" (Rzepka v City of New York, 227 AD3d at 923 [internal quotation marks omitted]; see Carranza v JCL Homes, Inc., 210 AD3d 858, 859).
Here, the defendants' submissions, including their expert's conclusory affidavit, failed to eliminate all triable issues of fact as to whether the HVAC duct being removed from the ceiling required securing for the purposes of the undertaking and thus fell due to the "absence or inadequacy of an enumerated safety device" (Fabrizi v 1095 Ave. of the Ams., L.L.C., 22 NY3d 658, 663; [*2]see Rzepka v City of New York, 227 AD3d at 923; Podobedov v East Coast Constr. Group, Inc., 133 AD3d 733, 735).
Similarly, the defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 240(1) on the basis that the plaintiff was the sole proximate cause of her injuries. A plaintiff may be the sole proximate cause of his or her own injuries when "he or she (1) had adequate safety devices available, (2) knew both that the safety devices were available and that [he or she was] expected to use them, (3) chose for no good reason not to do so, and (4) would not have been injured had [he or she] not made that choice" (Guaman-Sanango v 57 E. 72nd Corp., 227 AD3d 677, 679 [internal quotation marks omitted]; see Biaca-Neto v Boston Rd. II Hous. Dev. Fund Corp., 34 NY3d 1166, 1167-1168; Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 40).
Here, the defendants failed to demonstrate, prima facie, that the plaintiff chose not to use an available safety device and was therefore the sole proximate cause of her injuries (see Gordon v Eastern Ry. Supply, 82 NY2d 555, 563; Zong Wang Yang v City of New York, 207 AD3d 791, 795). An instruction not to be in a particular area "is not a 'safety device' in the sense that plaintiff's failure to comply with the instruction is equivalent to refusing to use available, safe and appropriate equipment" (Gordon v Eastern Ry. Supply, 82 NY2d at 563; see Zong Wang Yang v City of New York, 207 AD3d at 795; Guaman v New Sprout Presbyt. Church of N.Y., 33 AD3d 758, 759).
Accordingly, the Supreme Court properly denied that branch of the defendants' cross-motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1), regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
IANNACCI, J.P., VOUTSINAS, TAYLOR and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court